USDC SCAN INDEX SHEET

















CAG   7/14/03   10:26

3:02-CV-02028   MASTERSON MARKETING V. KSL RECREATION CORP

*71*

*AMDCMP.*



1    Grant G. Teeple, Esq. (SB #144760)
     Stephanie Chmura, Esq. (SB #220090)
2    GAGE TEEPLE, LLP
     9255 Towne Centre Drive, Suite 500
3    San Diego, CA 92121
     Telephone: (858) 622-7878
4    Facsimile: (858) 622-0411

5    Attorneys for Plaintiff

6

7

8            **U. S. DISTRICT COURT**

9       **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   MASTERSON MARKETING, INC. a California Corporation, | CASE NO: 02 CV 02028 K (LAB) |
| 12           Plaintiffs, | **THIRD AMENDED COMPLAINT FOR DAMAGES FOR:** |
| 13      vs. | **1. COPYRIGHT INFRINGEMENT;** |
| 14 | **2. BREACH OF CONTRACTS; and**<br>**3. DEMAND FOR JURY TRIAL** |

11   MASTERSON MARKETING, INC. a
     California Corporation,

12            Plaintiffs,

13      vs.

14

15

16   KSL RECREATION CORPORATION, a
     Delaware Corporation; KSL BILTMORE
17   RESORT, INC.; HOTEL DISCOUNTS, L.P.;
     HOTEL RESERVATIONS NETWORK;
18   ASSOCIATED LUXURY HOTELS;
     AMERICAN EXPRESS TRAVEL RELATED
19   SERVICES COMPANY, INC.; AMERICAS
     TRAVEL NETWORK; THE LEISURE
20   COMPANY; ANY HOTEL ANYWHERE;
     JOBING.COM; TRAVEL GOLF WEST;
21   AZ4GOLF.COM; BEST HOTEL RESORTS;
     WORLD RES, INC.; CARLSON LEISURE
22   GROUP; CLASSIC CUSTOM VACATIONS;
     CLICKCITY.COM, INC.; CREATIVE
23   LEISURE INTERNATIONAL; DISCOUNT
     GOLF VACATIONS AND PACKAGES;
24   EPINIONS; EXPEDIA; GROOVY TRAVEL;
     HELLO USA; HOTELS ONLINE; THE
25   TRAVEL COMPANY CORPORATION;
     AFFLUENT TARGET MARKETING, INC.;
26   NOTA BENE PUBLISHING, LTD; ORBITZ
     INC.; INTERACTIVE SITES, INC.;
27   QUIKBOOK, INC.; RENEGADE GOLF;
     INTERNETWORK PUBLISHING
28   CORPORATION; ABSOLUTE ENGINE,
     LLC; SPA FINDER TRAVEL
     ARRANGEMENTS, LTD.; AUTOMATIT,

Gage Teeple, LLP
9255 Towne Centre Drive
Suite 500
San Diego, CA
92121-3038

THIRD AMENDED COMPLAINT                                 CASE NO. 02 CV 0208K (LAB)

FILED

JUL 1 1 2003

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

7-4

| | |
|---|---|
| INC.; SPRING TRAINING TOURS; SUNFINDER VACATIONS; THE GOLF NETWORK; GANNETT, INC.; and DOES 1 through 1000, inclusive, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) |

Plaintiff, MASTERSON MARKETING, INC., for itself and dba Masterson Creative (hereinafter referred to as "Masterson"), complains against Defendants as follows:

## I.

## NATURE OF THE ACTION

1.    This is an action by Masterson against all Defendants for copyright infringement under 17 U.S.C. § 101 *et seq.* and against KSL Recreation Corporation and KSL Biltmore Resort, Inc. for breach of contract.  Masterson Marketing seeks damages, injunctive relief, and a demand for a jury is hereby made by Plaintiff.

## II.

## JURISDICTION AND VENUE

2.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this is a civil action arising under the copyright laws of the United States.

3.    This Court has original jurisdiction over the breach of contract claim in this Complaint pursuant to 28 U.S.C. § 1338(b), because those claims are joined with a substantial and related claim under the copyright laws of the United States.  This Court has supplemental jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367, because they are so related to the federal claim that it forms a part of the same case or controversy under Article III of the United States Constitution.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the Defendants are subject to personal jurisdiction in this district and a substantial part of the events giving rise to the claims in this Complaint occurred in this district.

5.    The Defendants are subject to general personal jurisdiction in this district.  Defendant

1 KSL Recreation Corporation is a Delaware Corporation with its principal place of business in

2 California.  Upon information and belief, the Defendants have engaged in systematic and continuous

3 activity in California, purposefully availing themselves of this jurisdiction by hiring a marketing

4 company in San Diego and basing and directing all of its marketing operations in San Diego,

5 California.  Upon information and belief, the Defendants have advertised extensively in this

6 jurisdiction.  Upon information and belief, the Defendants have visited this jurisdiction on multiple

7 occasions to conduct business.  Additionally, the infringing and tortious acts of Defendants that are

8 the subject of this Complaint were aimed at this jurisdiction, and Defendants knew and intended that

9 these acts would cause injury to Masterson in this jurisdiction because Masterson is based in this

10 jurisdiction.

11

### III.

12

### THE PARTIES

13    6.    Plaintiff, Masterson Marketing, Inc., ("Masterson"), for itself and dba Masterson

14 Creative, is a California corporation that maintains its principal place of business at 7434 Trade

15 Street, San Diego, California.

16    7.    On information and belief, Defendant KSL Recreation Corporation (hereinafter

17 collectively referred to as "KSL Recreation") is a Delaware Corporation with its principal place of

18 business located at 50-905 Avenida Bermudas, La Quinta, California 92253.

19    8.    On information and belief, Defendant KSL Biltmore Resort, Inc. (hereinafter

20 collectively referred to as "KSL Biltmore") is a business entity located in Arizona with its principal

21 place of business located at 24th St. & Missouri, in Phoenix, Arizona 85016.

22    9.    On information and belief, Defendant Hotel Discounts, L.P. ("Hotel Discounts") is a

23 business entity with its principal place of business located at 8140 Walnut Hill Lane, Suite 800,

24 Dallas, Texas 75231.

25    10.    On information and belief, Defendant Hotel Reservations Network ("Hotel

26 Reservations") is a business entity with its principal place of business located at 8140 Walnut Hill

27 Lane, Suite 203, Dallas, Texas 75231.

28    11.    On information and belief, Defendant Associated Luxury Hotels ("Associated

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

-3-

THIRD AMENDED COMPLAINT                                        CASE NO. 02 CV 0208K (LAB)

1   Luxury") is a business entity with its principal place of business located at 1000 Connecticut Ave.,

2   NW Suite 603, Washington, DC 20036.

3       12.    On information and belief, Defendant American Express Travel Related Services

4   Company, Inc. ("American Express") is a business entity with its principal place of business located

5   at World Financial Center, 200 Vesiy Street, New York, New York 10285.

6       13.    On information and belief, Defendant Americas Travel Network ("Americas Travel

7   Network") is a business entity with its principal place of business located at 9179 June Lane, St.

8   Augustine, Florida 92080.

9       14.    On information and belief, Defendant The Leisure Company ("Leisure Company") is

10   a business entity with its principal place of business located at 1920 West University Drive, Tempe,

11   Arizona 85281.

12       15.    On information and belief, Defendant Any Hotel Anywhere ("Any Hotel Anywhere")

13   is a business entity with its principal place of business located at 4413 West Escuda Drive, Glendale,

14   Arizona.

15       16.    On information and belief, Defendant Jobing.com ("Jobing") is a business entity with

16   its principal place of business located at 3550 N. Central, #910, Phoenix, Arizona 85012.

17       17.    On information and belief, Defendant Travel Golf West ("Travel Golf") is a business

18   entity with its principal place of business located at 6242 E. Winchcomb Drive, Scottsdale, Arizona

19   85454.

20       18.    On information and belief, Defendant AZ4Golf.com ("AZ4Golf") is a business entity

21   with its principal place of business located at 7702 E. Doubletree Ranch Rd., #300, Scottsdale,

22   Arizona 85258.

23       19.    On information and belief, Defendant Best Hotel Resorts ("Best Hotel Resorts") is a

24   business entity with its principal place of business located at 12129 Cattail Drive West, Jacksonville,

25   Florida 32223.

26       20.    On information and belief, Defendant World Res, Inc.  ("World Res") is a business

27   entity with its principal place of business located at 1510 Fashion Island Blvd., Suite 100, San Mateo,

28   California 94404.

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

-4-

THIRD AMENDED COMPLAINT

CASE NO. 02 CV 0208K (LAB)

21.    On information and belief, Defendant Carlson Leisure Group ("Carlson Travel") is a business entity with its principal place of business located at 12755 State Hwy. 55, Plymouth, Minnesota 55441.

22.    On information and belief, Defendant Classic Custom Vacations ("Classic Custom") is a business entity with its principal place of business located at One North 1st Street, San Jose, California 95113-1215.

23.    On information and belief, Defendant ClickCity.com, Inc. ("ClickCity") is a business entity with its principal place of business located at 8611 N. Black Canyon Hwy., Suite 214, Phoenix, Arizona 85021.

24.    On information and belief, Defendant Creative Leisure International ("Creative Leisure") is a business entity with its principal place of business located at 951 Transport Way, Petaluma, California 94954.

25.    On information and belief, Defendant Discount Golf Vacations and Packages ("Discount Golf Vacations") is a business entity with its principal place of business located at 11200 Race Track Road, Suite A201, Berlin, Maryland 21811.

26.    On information and belief, Defendant Epinions ("Epinions") is a business entity with its principal place of business located at 8000 Marina Blvd., 5th Floor, Brisbane, California 94005.

27.    On information and belief, Defendant Expedia ("Expedia") is a business entity with its principal place of business located at 13810 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.

28.    On information and belief, Defendant Groovy Travel ("Groovy Travel") is a business entity with its principal place of business located at 1407 Windsor #A, Columbia, Missouri 65201-5759.

29.    On information and belief, Defendant Hello USA ("Hello USA") is a business entity with its principal place of business located at 8603 E. Royal Palm, Suite 130, Scottsdale, Arizona 85258.

30.    On information and belief, Defendant Hotels Online ("Hotels Online") is a business entity with its principal place of business located at P.O. Box 6811, Bridgewater, New Jersey 08807.

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

-5-

THIRD AMENDED COMPLAINT                                    CASE NO. 02 CV 0208K (LAB)

31.　On information and belief, Defendant The Travel Company Corporation ("Travel Company") is a business entity with its principal place of business located at 630 US Highway 1, Suite 200, North Palm Beach, Florida 33408.

32.　On information and belief, Defendant Affluent Target Marketing, Inc. ("Affluent Target Marketing") is a business entity with its principal place of business located at 1139 S. Placentia Ave., Fullerton, California 92831. ·

33.　On information and belief, Defendant Nota Bene Publishing, Ltd. ("Nota Bene") is a business entity with its principal place of business located at 954 Lexington Ave., #140, New York, New York 10021.

34.　On information and belief, Defendant Orbitz Inc. ("Orbitz") is a business entity with its principal place of business located at 200 S. Wacker Drive, Suite 1900, Chicago, Illinois 60606.

35.　On information and belief, Defendant Interactive Sites, Inc. ("Interactive Sites") is a business entity with its principal place of business located at 14988 N. 78th Way, 2nd Floor, Scottsdale, Arizona 85260.

36.　On information and belief, Defendant Quikbook, Inc. ("Quikbook") is a business entity with its principal place of business located at 381 Park Ave. South, New York, New York 10016.

37.　On information and belief, Defendant Renegade Golf ("Renegade Golf") is a business entity with its principal place of business located at 1440 Vega Circle, Unit 2, Idaho Falls, Idaho 83402.

38.　On information and belief, Defendant Internetwork Publishing Corporation ("Internetwork Publishing") is a business entity with its principal place of business located at 5455 North Federal Highway, Suite O, Boca Raton, Florida 33487.

39.　On information and belief, Defendant Absolute Engine, LLC ("Absolute Engine") is a business entity with its principal place of business located at 336 Via Linda Del Sur, Suite 300, Encinitas, California 92024.

40.　On information and belief, Defendant Spa Finder Travel Arrangements, Ltd. ("Spa Finder") is a business entity with its principal place of business located at 91 5th Ave., 6th Floor, New

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

-6-

THIRD AMENDED COMPLAINT　　　　　　　　　　　　　　　　　　　CASE NO. 02 CV 0208K (LAB)

1 York, New York 10003.

2      41.    On information and belief, Defendant Automatit, Inc. ("Automatit") is a business

3 entity with its principal place of business located at 5931 N. Oracle Road, Suite 211, Tucson, Arizona

4 85704.

5      42.    On information and belief, Defendant Spring Training Tours ("Spring Training") is a

6 business entity with its principal place of business located at 1453 First Street, Livermore, California

7 94550.

8      43.    On information and belief, Defendant Sunfinder Vacations ("Sunfinder") is a business

9 entity with its principal place of business located at 9988 Hibert Street, #201, San Diego, California

10 92131.

11      44.    On information and belief, Defendant The Golf Network ("Golf Network") is a

12 business entity with its principal place of business located at 1411 Highway 35 N., Ocean, New

13 Jersey.

14      45.    On information and belief, Defendant Gannett, Inc. ("Gannett") is a business entity

15 with its principal place of business located at 7950 Jones Branch Drive, McLean, Virginia 22108-

16 0605.

17      46.    Upon information and belief, at all times relevant herein, each of the defendants were

18 the agent, joint venturer and/or employee of each of the remaining defendants and in doing the things

19 hereinafter alleged, each was acting within the course and scope of said agency, employment and/or

20 joint venture with the advance knowledge, acquiescence or subsequent ratification of each and every

21 remaining defendant.

22      47.    DOE Defendants 1-1000, inclusive whether individuals, corporations, partnerships or

23 otherwise, are fictitious names of defendants whose true names are, at this time, unknown to

24 Plaintiffs.  Plaintiffs are informed, believe, and thereon allege that each of said fictitiously named

25 defendants contributed to the damages herein alleged and Plaintiffs will name such defendants when

26 their identity has been ascertained.  Further, Plaintiffs allege that the DOE defendants in this action

27 committed the same or similar acts alleged as the named defendants in this claim for relief; therefore,

28 all acts alleged to have been committed by the named defendants are also alleged to have been

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

-7-

THIRD AMENDED COMPLAINT                                                    CASE NO. 02 CV 0208K (LAB)

1 | committed by the DOE defendants.

## IV.

## BACKGROUND

48.   Masterson is, and at all times relevant to the matters alleged in this Complaint was, in the business of, including without limitation, photographing, creating marketing materials and plans, marketing, and licensing of photographic images and designs. Ed Masterson, at all times relevant herein, was an employee of Masterson. (See Declaration of Ed Declaration, attached as Exhibit 11 )

49.   Masterson was Arizona Biltmore's marketing agent pursuant to agency agreements, dated August 5, 1999 and September 20, 2000. True and correct copies of the Agency Agreements are attached hereto and incorporated by reference herein. (See August 5, 1999 Agency Agreement, attached as Exhibit 1 and September 20, 2000 Agency Agreement, attached as Exhibit 2).

50.   In the course of employment with Masterson, Ed Masterson created and authored certain photographs, film, negatives, images, designs, and other marketing materials for the Arizona Biltmore. Upon the creation of such Materials, Ed Masterson intentionally transferred and assigned the Materials to Masterson. (See Assignment of Copyright Ownership, attached as Exhibit 12)

51.   Masterson licensed these Materials to KSL Biltmore pursuant to various individual licensing agreements. True and correct copies of examples of the licensing agreements are attached hereto and incorporated by reference herein. (See Exhibits 3, 4, 5, 6, 7, 8, and 9).

52.   KSL Biltmore received all proprietary Materials under a one-year license in which KSL Biltmore agreed to refrain from selling, assigning, or otherwise transferring the license or any rights or obligations under the license without Masterson's prior written consent. (See Exhibits 3, 4, 5, 6, 7, 8, and 9)

53.   KSL Biltmore also agreed to return the original Materials delivered by Masterson at the expiration of the license. KSL Biltmore agreed to reimburse Masterson $1,500 per original transparency or negative in the event Defendants failed to return the original Materials per the terms of the license or if KSL Biltmore lost or damaged the original Materials. (See Exhibits 3, 4, 5, 6, 7, 8, and 9)

54.   KSL Biltmore agreed to pay a standard industry commission of 15% on the gross rate

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

-8-

THIRD AMENDED COMPLAINT   CASE NO. 02 CV 0208K (LAB)

1  of all print and electronic media placed by Masterson. (Exhibits 1 and 2)

2      55.    Finally, KSL Biltmore agreed to pay Masterson's expenses, including reasonable

3  attorney's fees and costs required to collect any sums due or to enforce the terms of the license. (See

4  Exhibits 3, 4, 5, 6, 7, 8, and 9)

5      56.    Masterson owns four stock photographs, including without limitation, "the squaw

6  peak lawn," "pool at night," "the evening hotel exterior," and "the white Adirondack chairs,"

7  (hereinafter "stock photos"). These Materials, having been originally created by Ed Masterson and

8  assigned to Masterson, are proprietary to Masterson and are valid, registered, copyrighted works or

9  are revised, copyrighted, works derived from the registered works. (See Certificates of Registration

10  from U.S. Copyright Office, attached as Exhibit 10)

11      57.    Pursuant to the aforementioned agreements, Masterson shot in excess of 600 original

12  images on or about February 2 – 4, 2000 to be licensed for specific use in Masterson's efforts to

13  market the Arizona Biltmore.  Masterson delivered Materials, including without limitation 622

14  original transparencies on or about February 14, 2000 to the KSL Biltmore under the aforementioned

15  license. (See Exhibit 8)

16      58.    On or about August 9, 2001, Masterson shot 12 food images for Arizona Biltmore and

17  delivered 24 original transparencies to the KSL Biltmore which were licensed for specific use in

18  Masterson's efforts to market the Arizona Biltmore.  (See Exhibit 9)  The first set of 12 original

19  transparencies were delivered on or about August 20, 2001 and received by L. Rivero of the Arizona

20  Biltmore.  The second set of 12 original transparencies were shipped on April 12, 2002 and received

21  on April 15, 2002.

22      59.    In September 2001, KSL Biltmore opted not to renew their annual agency agreement

23  with Masterson and allowed the agency agreement to expire on August 31, 2001.

24      60.    On or about October 30, 2001 and April 25, 2002, Ed Masterson, acting on behalf of

25  Masterson, registered and copyrighted some of the Materials with the U.S. Copyright Office.  (See

26  Exhibits 10, 11, and 12)

27      61.    KSL is in possession, custody, and control of Masterson's Materials and is using and

28  distributing Masterson's Materials without authorization or consent to promote KSL's corporate

age Teeple, LLP
!55 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

THIRD AMENDED COMPLAINT

-9-

CASE NO. 02 CV 0208K (LAB)

1   identity. KSL is distributing Masterson's Materials without reference to Masterson's copyrights and

2   is using Masterson's Materials in a manner adverse to Masterson's ownership interests by, including

3   without limitation, using the Materials in domestic and international publications and advertisements,

4   providing public access to the Materials via image downloading on KSL's image website, and by

5   using the Materials in the KSL Resort website home page.

6     62. KSL Biltmore is in possession, custody, and control of Masterson's Materials and is

7   using and distributing Masterson's Materials without authorization or consent and beyond the terms

8   of the parties' agreements. KSL Biltmore is distributing Masterson's Materials without reference to

9   Masterson's copyrights and in violation of the License Agreements through the unauthorized use of

10   the Materials, including without limitation, in the Arizona Biltmore's marketing department, in

11   Arizona Biltmore's publications and advertisements, on the Arizona Biltmore's website, in the

12   Arizona Biltmore tradeshow displays, and by distributing the Materials for use at numerous other

13   business entities. KSL Biltmore's licenses to use Masterson's Materials expired; however, KSL

14   Biltmore continues its use of the Materials in a manner adverse to Masterson's ownership rights.

15     63. KSL Biltmore's unauthorized use and distribution of Masterson's Materials without

16   reference to Masterson's copyrights is also in violation of the Agency Agreements because KSL

17   Biltmore has failed to pay Masterson the standard industry commission of 15% on the gross rate of

18   all print and electronic media placed by Masterson.

19     64. KSL is using the Materials without Masterson's consent or authority, and in violation

20   of Masterson's copyrights, thereby damaging Masterson, by its, (including without limitation):

21       a. Use and distribution of Masterson's Materials to the public, without any

22        limitation or reference to Masterson's copyrights, including without limitation,

23        using Masterson's Materials for KSL's corporate advertising in domestic and

24        international publications;

25       b. Use and distribution of the Materials on KSL's website homepage;

26       c. Use and distribution of the Materials freely into the marketplace via the KSL

27        images website;

28       d. Transfer of the rights and/or obligations under the license without Masterson's

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

-10-

THIRD AMENDED COMPLAINT         CASE NO. 02 CV 0208K (LAB)

prior written consent or authorization;

    e.    Failure to return the Materials delivered by Masterson at the expiration of Arizona Biltmore's license and/or agency relationship(s); and

    f.    Marketing using Masterson's Materials without paying any commission in violation of the agency agreement.

65.    KSL Biltmore is using the Materials without Masterson's consent or authority, and in violation of Masterson's copyrights (Exhibit 10) and/or License Agreements (Exhibits 3, 4, 5, 6, 7, 8, and 9) and/or the Agency Agreements (Exhibits 1 and 2), thereby damaging Masterson, by its, (including without limitation):

    a.    Use and distribution of Masterson's Materials to the public, without any limitation or reference to Masterson's copyrights;

    b.    Use and distribution of Masterson's Materials into the marketplace via the KSL Biltmore's website and other websites without any limitation;

    c.    Distribution of Masterson's Materials for KSL Biltmore's advertisements in domestic and international publications without any limitation;

    d.    Use and distribution of the Materials via the Arizona Biltmore Marketing department to the public without any limitation or reference to any copyright.

    e.    Distribution of Masterson's Materials to numerous other business entities wherein Defendants derived a direct monetary benefit.

    f.    Use of Masterson's Materials on numerous other business entities' websites to generate monetary income.

    g.    Transfer of the rights and/or obligations under the license without Masterson's prior written consent or authorization;

    h.    Failure to return the Materials delivered by Masterson at the expiration of the license and/or agency;

    i.    Failure to reimburse Masterson $1,500 per original transparency or negative for Defendant's failure to return the original Materials per the terms of the license;

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

-11-

  j.  Use of Masterson's Materials to sell products, including without limitation, candy, water, postcards, and other product usage still unknown;

  k.  Use of Masterson's Materials on KSL Biltmore's website;

  l.  Use of Masterson's Materials in tradeshow displays; and

  m.  Marketing using Masterson's Materials without paying any commission in violation of the agency agreement.

66.  Despite Masterson's repeated demands, including a written letter to KSL Biltmore to cease and desist all further unauthorized usage and distribution of the Materials in violation of the copyright and license and agency agreements, KSL Recreation and KSL Biltmore are continuing in their unlawful course of conduct.

67.  As a direct result of Defendants' aforementioned conduct, Plaintiff was damaged in an amount in excess of $636,000 for lost/unreturned Materials according to proof at trial for failing to return the Materials, not including lost profits, lost revenue for image licensing, interest, or statutory damages and/or penalties. Furthermore, Defendants' unauthorized use and distribution of Masterson's Materials into the public domain may have jeopardized Masterson's copyright ownership rights. Upon information and belief, the Defendants committed these wrongful acts intentionally, maliciously, oppressively, fraudulently, willfully, and egregiously.

**V.**

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement, 17 U.S.C. § 101 *et seq.*, Against All Defendants)**

**(Damages and Injunctive Relief)**

68.  Plaintiff Masterson repeats and realleges the allegations contained in paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69.  Ed Masterson is the creator of numerous photographs, film, negatives, images, art, digital art, designs, stock photographs, and other marketing materials, ("Materials") all of which are original creations that constitute copyrightable subject matter under the copyright laws of the United States.

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

-12-

THIRD AMENDED COMPLAINT  CASE NO. 02 CV 0208K (LAB)

70.    Ed Masterson intentionally assigned and transferred these Materials to Masterson upon their creation. Thus, these Materials and their subsequent copyrights became the property of Masterson on or about the date of their creation. (See Exhibits 11 and 12)

71.    These Materials are all copyrighted in full compliance with the copyright laws of the United States and are registered in the United States Copyright Office. Ed Masterson registered the copyrights and such registrations and copyrights were assigned to Masterson Marketing, Inc. Masterson Marketing possesses rights necessary to prosecute this action. Specifically, the Materials that are the subject of this Complaint, including without limitation, are registered in the United States Copyright Office as Registration Nos. VA 1-114-173, VA 1-128-438, VA 1-128-432, VA 1-128-437 or are copyrighted revised works derived from these registered works. True and correct copies of the Certificates of Registration are attached to this Complaint as Exhibit 10.

72.    Ed Masterson and Masterson Marketing complied with all provisions of the United States Copyright Act and all other relevant laws governing copyrights in connection with its Materials.

73.    Masterson is informed and believes that Defendants are still in possession of Masterson's Materials, which they refuse to return. Masterson is informed and believes that KSL Recreation and KSL Biltmore have copied and distributed, without authorization, the Materials that are protected by Masterson's copyright(s) to others without any limitation and are continuing to do so even after Masterson's cease and desist letter to KSL Biltmore.

74.    As set forth above, the Defendants have, by their actions alleged herein, willfully infringed on Masterson's copyright(s), and will continue to do so unless enjoined by this Court. All Defendants are earning substantial profits and gains by their infringement of Masterson's copyright(s).

75.    As a direct and proximate result of the actions of the Defendants, Masterson has suffered lost profits, lost relationships, business opportunities, lost stock licensing fees, Masterson may have lost his rights to the copyrights, and other damages for which there is no adequate remedy at law.

76.    Masterson is entitled to an injunction restraining the Defendants, their officers,

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

THIRD AMENDED COMPLAINT

CASE NO. 02 CV 0208K (LAB)

1 │ agents, and employees, and all persons acting in concert with them, from engaging in any further

2 │ such acts in violation of the copyright laws.

3 │     77.    Masterson is further entitled to recover from the Defendants its damages, including

4 │ attorneys' fees, that Masterson has sustained and will sustain, and any gains, profits, and advantages

5 │ obtained by Defendants as a result of their acts of infringement alleged above, in an amount subject

6 │ to later proof.

7 │     78.    Defendants' copyright infringements were intentional, malicious, oppressive,

8 │ fraudulent, willful, and egregious in nature, meriting an award of damages. Masterson hereby

9 │ requests an award of damages under this claim for relief, according to proof at trial.

10 │ **SECOND CLAIM FOR RELIEF**

11 │ **(Breach of Contracts, Against KSL Recreation/Biltmore)**

12 │ **(Count One – Breach of the License Agreements)**

13 │     79.    Plaintiff Masterson repeats and realleges the allegations contained in paragraphs 1

14 │ through 78 of this Complaint as if fully set forth herein.

15 │     80.    Masterson provided Materials to KSL Biltmore under various licensing agreements.

16 │ The following, including but not limited to, are examples of the breached licensing agreements

17 │ attached as Exhibits 3, 4, 5, 6, 7, 8, and 9. These agreements were breached by KSL Biltmore

18 │ through their use of the Materials outside of the scope of the agreements.

19 │     81.    Defendant KSL Biltmore received these proprietary Materials under separate one-year

20 │ licenses with limited usage granted. KSL Biltmore agreed to refrain from selling, assigning, or

21 │ otherwise transferring the license or any rights or obligations under the license without Masterson's

22 │ prior written consent. (See Exhibits 3, 4, 5, 6, 7, 8, and 9)

23 │     82.    KSL Biltmore agreed to return the Materials delivered by Masterson at the expiration

24 │ of the license and assumed all risk for the Materials. KSL Biltmore agreed to reimburse Masterson

25 │ $1,500 per original transparency or negative in the event KSL Biltmore failed to return the original

26 │ Materials per the terms of the license or if Defendant lost or damaged the original Materials. (See

27 │ Exhibits 3, 4, 5, 6, 7, 8, and 9)

28 │     83.    Finally, KSL Biltmore agreed to pay Masterson's expenses, including reasonable

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

-14-

THIRD AMENDED COMPLAINT        CASE NO. 02 CV 0208K (LAB)

1  attorney's fees and costs required to collect any sums due or to enforce the terms of the license. (See

2  Exhibits 3, 4, 5, 6, 7, 8, and 9)

3      84.    Masterson has at all times performed the terms of the contract in the manner specified

4  by the terms of the agreement.  Pursuant to the aforementioned agreements, Masterson shot in excess

5  of 600 original images on or about February 2 – 4, 2000 to be licensed for specific use in Masterson's

6  efforts to market the KSL Biltmore.  Masterson delivered 622 original transparencies on or about

7  February 14, 2000 to the KSL Biltmore. (See Exhibit 8)

8      85.    On or about August 9, 2001, Masterson shot 12 food images for the KSL Biltmore and

9  delivered 24 original transparencies to KSL Biltmore which were licensed for specific use in

10  Masterson's efforts to market the KSL Biltmore.  (See Exhibit 9)  The first set of 12 original

11  transparencies were delivered on or about August 20, 2001 and received by L. Rivero of the KSL

12  Biltmore.  The second set of 12 original transparencies were shipped on April 12, 2002 and received

13  on April 15, 2002.

14      86.    On or around September 2001, KSL Biltmore opted not to renew their annual agency

15  agreement with Masterson and allowed the agency agreement to expire on August 31, 2001.  KSL

16  Biltmore violated the License Agreements (Exhibits 3, 4, 5, 6, 7, 8, and 9) and/or the Agency

17  Agreements (Exhibits 1 and 2) as set forth above.

18      87.    KSL Biltmore breached the terms of the license agreements, (Exhibits 3, 4, 5, 6, 7, 8,

19  and 9), by using the Materials without Masterson's consent or authority, thereby damaging

20  Masterson, by its, (including without limitation):

21          a.    Use and distribution of Masterson's Materials to the public, without any

22              limitation or reference to Masterson's copyrights;

23          b.    Use and distribution of Masterson's Materials into the marketplace via the

24              KSL Biltmore's website and other websites without any limitation;

25          c.    Distribution of Masterson's Materials for KSL's advertisements in domestic

26              and international publications without any limitation;

27          d.    Use and distribution of the Materials via the KSL Biltmore Marketing

28              department to the public without any limitation or reference to any copyright.

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

THIRD AMENDED COMPLAINT

-15-

CASE NO. 02 CV 0208K (LAB)

e. Distribution of Masterson's Materials to numerous other business entities wherein Defendants derived a direct monetary benefit.

f. Use of Masterson's Materials on numerous other business entities' websites to generate monetary income.

g. Transfer of the rights and/or obligations without Masterson's prior written consent or authorization;

h. Failure to return the Materials delivered by Masterson at the expiration of the license and/or agency;

i. Failure to reimburse Masterson $1,500 per original transparency or negative for Defendant's failure to return the original Materials per the terms of the license;

j. Use of Masterson's Materials to sell products, including without limitation, candy, water, postcards, and other product usage still unknown.

k. Use of Masterson's Materials on the KSL Biltmore's website; and

l. Use of Masterson's Materials in tradeshow displays.

88. Despite Masterson's repeated demands to KSL Biltmore to cease and desist further distribution of the Materials in violation of the license agreements, Defendants KSL Recreation and KSL Biltmore are continuing in their unlawful course of conduct.

89. As a direct result of Defendants' aforementioned conduct, Plaintiff was damaged in an amount in excess of $636,000 for lost/unreturned Materials according to proof at trial for failing to return the Materials. Since Defendant's wrongful conduct, Masterson expended significant time and expenses in attempting to enforce the contracts and to protect his copyrighted Materials, and in preparation of this action.

### (Count Two – Breach of the Agency Agreements)

90. Plaintiff Masterson repeats and realleges the allegations contained in paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91. Masterson provided the Materials to KSL Biltmore under the Agency Agreements dated August 5, 1999 and September 20, 2000, (Exhibits 1 and 2.) and under various licensing

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

-16-

THIRD AMENDED COMPLAINT CASE NO. 02 CV 0208K (LAB)

1    agreements, including but not limited to Exhibits 3, 4, 5, 6, 7, 8, and 9.

2        92.    KSL Biltmore agreed to pay a standard industry commission of 15% on the gross rate

3    of all print and electronic media placed by Masterson. (Exhibits 1 and 2)

4        93.    Masterson has at all times performed the terms of the contract in the manner specified

5    by the terms of the agreement. Pursuant to the aforementioned agreements, Masterson shot in excess

6    of 600 original images on or about February 2 – 4, 2000 to be licensed for specific use in Masterson's

7    efforts to market the KSL Biltmore. Masterson delivered 622 original transparencies on or about

8    February 14, 2000 to the KSL Biltmore. (See Exhibit 8)

9        94.    On or about August 9, 2001, Masterson shot 12 food images for the KSL Biltmore and

10    delivered 24 original transparencies to the KSL Biltmore which were licensed for specific use in

11    Masterson's efforts to market the KSL Biltmore. (See Exhibit 9) The first set of 12 original

12    transparencies were delivered on or about August 20, 2001 and received by L. Rivero of KSL

13    Biltmore. The second set of 12 original transparencies were shipped on April 12, 2002 and received

14    on April 15, 2002.

15        95.    On or around September 2001, KSL Biltmore opted not to renew their annual agency

16    agreement with Masterson and allowed the agency agreement to expire on August 31, 2001. KSL

17    Biltmore violated the License Agreements (Exhibits 3, 4, 5, 6, 7, 8, and 9) and/or the Agency

18    Agreements (Exhibits 1 and 2) as set forth above.

19        96.    KSL Biltmore breached the terms of the agency agreements, (Exhibits 1 and 2),

20    thereby damaging Masterson, by its, (including without limitation):

21            a.    Distribution of Masterson's Materials for KSL's advertisements in domestic

22                and international publications without any limitation;

23            b.    Use and distribution of the Materials via the KSL Biltmore marketing

24                department to the public.

25            c.    Distribution of Masterson's Materials to numerous other business entities

26                wherein Defendants derived a direct monetary benefit.

27            d.    Use of Masterson's Materials on numerous other business entities' websites to

28                generate monetary income.

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

THIRD AMENDED COMPLAINT

-17-

CASE NO. 02 CV 0208K (LAB)

e.   Use of Masterson's Materials on the KSL Biltmore's website;

f.   Marketing using Masterson's Materials without paying any commission in violation of the agency agreement; and

g.   Failing to honor "trade" for services agreement.

97.   Despite Masterson's repeated demands to KSL Biltmore to cease and desist further distribution of the Materials in violation of the license and agency agreements, Defendants KSL Recreation and KSL Biltmore are continuing in their unlawful course of conduct.

98.   As a direct result of Defendants' aforementioned conduct, Plaintiff was damaged in an amount in excess of $636,000 for lost/unreturned Materials according to proof at trial for failing to return the Materials. Since Defendants' wrongful conduct, Masterson expended significant time and expenses in attempting to enforce the contracts and to protect his copyrighted Materials, and in preparation of this action.

## VI.

## PRAYER

99.   WHEREFORE, Plaintiffs pray for judgment against the Defendants as follows:

**On the First Claim for Relief for Copyright Infringement:**

(a)   For statutory and actual damages and penalties according to proof, but believed to be in excess of $100,000;

(b)   For interest according to proof;

(c)   For restitution, including any gains, profits, and advantages obtained by Defendants, and/or expenses avoided and/or disgorgement of Defendants' profits in an amount subject to later proof;

(d)   For injunctive relief, including without limitation temporary restraining order, preliminary, and/or permanent injunction and the imposition of a constructive trust;

(e)   For costs incurred, including reasonable attorneys fees; and

(f)   For any and all further relief deemed appropriate by the Court.

**On the Second Claim for Relief for Breach of Contract (Count One):**

(a)   For Damages according to proof, but believed to be in excess of $636,000;

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

THIRD AMENDED COMPLAINT

-18-

CASE NO. 02 CV 0208K (LAB)

1      (b)     For interest according to proof;

2      (c)     For costs incurred, including reasonable attorneys fees; and

3      (d)     For any and all further relief deemed appropriate by the Court.

4  **On the Second Claim for Relief for Breach of Contract (Count Two):**

5      (a)     For Damages according to proof, but believed to be in excess of $636,000;

6      (b)     For interest according to proof;

7      (c)     For costs incurred, including reasonable attorneys fees; and

8      (d)     For any and all further relief deemed appropriate by the Court.

9                                **JURY DEMANDED**

10  Plaintiff Masterson Marketing hereby demands a jury as to all triable issues.

11

12  Dated:  July 11, 2003                          GAGE TEEPLE, LLP

13

14                                By: _____

15                                 Grant G. Teeple, Esq.   Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

Gage Teeple, LLP
9255 Towne Centre
Drive
Suite 500
San Diego, CA
92121-3038

-19-

THIRD AMENDED COMPLAINT                        CASE NO. 02 CV 0208K (LAB)

EXHIBIT ___I___

## AGENCY AGREEMENT

This letter is to confirm our agreement that the Arizona Biltmore Resort & Spa (ABR&S) has retained Masterson Marketing (MM) as their advertising and marketing agency for one year (1). This appointment is to become effective **SEPT 1** and continues for a period of twelve consecutive months, terminating on **AUGUST 31**. Masterson Marketing's assignment will be to develop and oversee the marketing direction and act as "caretakers" of the image of the Arizona Biltmore Resort & Spa and to serve as marketing counsel for the same.

MASTERSON MARKETING, ACTING AS THE CREATIVE MARKETING AND ADVERTISING AGENCY FOR THE ARIZONA BILTMORE RESORT & SPA, WILL BE RESPONSIBLE FOR THE FOLLOWING:

1. Development and creation of the ABR&S 1999-2000 advertising and marketing direction which shall include the conceptual development of advertising and marketing programs, planning and strategy including television opportunities.
2. M.M. is responsible for research and audit of competitive properties, their collateral materials, advertising direction, marketing programs and adverting budgets.
3. Development and continual refinement of a positioning strategy for the ABR&S which may include, but not be limited to collateral, print/broadcast media and internal resort signage.
4. M.M. will serve as ABR&S general counsel, and liaison between the media and ABR&S.
5. M.M. will analyze all media options, determining those which are most suitable for the Biltmore's needs and budgetary limitations, and the development of a comprehensive media plan including flight schedules and payment calendars.
6. M.M. will also supervise any media research conducted by outside professional research organizations including copy effectiveness, distribution, trade and consumer attitudes.
7. M.M. will also handle contract negotiation with the advertising media for placement and scheduling in order to obtain the most favorable terms and rates available.
8. M.M. will check and follow up on all contracts with media for proper performance including the appearance, accuracy, date, time, position, size, extent, site, workmanship and mechanical reproductions as appropriate to the advertisements use.

For these services, a monthly retainer fee of $5,000 will be paid by ABR&S to M.M. each month.

M.M. will also be entitled to the standard industry commission of 15% on the gross rate of all print and electronic media placed by MM, including but not limited to consumer and trade publications, radio, television/cable spots, billboards, bus shelters, internet marketing etc., with the following exception.

Since the ABR&S intends to barter a major portion of the advertising budget with an outside barter group, M.M. requests In lieu of the normal 15% agency commission on this amount, a payment of a 2% agency commission to be paid to M.M. on the gross amount placed. This 2% commission is to be paid to M.M. in the form of trade for room, food & beverage and without any time restrictions, and as normal is based upon room availability.

For this 2% commission M.M. will coordinate and interface with all parties regarding this barter agreement including The Barter Group and all publications, including the handling , shipping and coordinating the insertion of these ads. M.M. will also monitor the media placement and designated insertion dates.

7434 TRADE
SAN DIEGO, C.
619/271.9940 · FAX 619/2
EMAIL mastersdoflash.net

It is understood that all expenses incurred by M.M. on behalf of the as ABR&S for packaging, shipping, delivery, travel, lodging, research, postage etc. will be billed to ABR&S at M.M.'s cost without commission or markup and will be paid each month.

It is also understood that from time to time M.M. for the purpose of cost savings will purchase stock photos or film footage to be used in the production of ABR&S's advertising. The photographic rights granted to these images will be restricted to initial usage stated and for the time period stated on each licensing contract. Any other usage needs to be re-negotiated.

The ABR&S agrees to indemnify M.M. from, and hold M.M. harmless against any and all losses claims, damages, expenses or liabilities which M.M.. may incur based on any defect in products or services sold by the ABR&S or any information and data concerning the ABR&S or its products, providing the advertising or promotional material involved in such losses, claims, damages, expenses or liabilities has been approved by the ABR&S for production and or publication.

Most projects will be worked on a fixed price basis with a predetermined set budget. All moneys spent on behalf of the ABR&S will be estimated in advance and within the project budget which must be approved by the ABR&S with an issued Purchase Order signed by an ABR&S authorized representative before any project can commence.

In accordance with generally recognized procedures, M.M. will not be required to finance the advertising program of the ABR&S. Once a budget for a project has been approved, a mutually acceptable payment schedule will be implemented.

In accordance with state laws, M.M. will not assess sales tax on advertising materials delivered outside the state of California.

If the aforementioned meets with your approval, please return a signed copy of this letter to us. We appreciate the opportunity to serve the ABR&S and are looking forward to a continued successful association with your organization.

Sincerely,

Ed Masterson
President
Masterson Marketing

Accepted by: _____   Date: _____8/5/99_____

Title: ___V. P. Mgt. Director___

Initial: _____
Date: _____



7434 TRADE STRE
SAN DIEGO, CA 92
619/271.9940 · FAX 619/271.9'
EMAIL mosterson@flach net

EXHIBIT 2

# AGENCY AGREEMENT

This letter is to confirm our agreement that the Arizona Biltmore Resort & Spa (ABR&S) has retained Masterson Marketing (MM) as their advertising and marketing agency for one year (1). This appointment is to become effective Sept 1 - 2000 and continues for a period of twelve consecutive months, terminating on Aug 31 - 2001. Masterson Marketing's assignment will be to develop and oversee the marketing direction and act as "caretakers" of the image of the Arizona Biltmore Resort & Spa and to serve as marketing counsel for the same.

MASTERSON MARKETING, ACTING AS THE CREATIVE MARKETING AND ADVERTISING AGENCY FOR THE ARIZONA BILTMORE RESORT & SPA, WILL BE RESPONSIBLE FOR THE FOLLOWING:

1. Development and creation of the ABR&S 2000-2001 advertising and marketing direction which shall include the conceptual development of advertising and marketing programs, planning and strategy including television opportunities.
2. M.M. is responsible for research and audit of competitive properties, their collateral materials, advertising direction, marketing programs and adverting budgets.
3. Development and continual refinement of a positioning strategy for the ABR&S, which may include, but not be limited to: collateral, print/broadcast media and internal resort signage.
4. M.M. will serve as ABR&S general counsel, and liaison between the media and ABR&S.
5. M.M. will analyze all media options, determining those which are most suitable for the Biltmore's needs and budgetary limitations, and the development of a comprehensive media plan including flight schedules and payment calendars.
6. M.M. will also supervise any media research conducted by outside professional research organizations including copy effectiveness, distribution, trade and consumer attitudes.
7. M.M. will also handle contract negotiation with the advertising media for placement and scheduling in order to obtain the most favorable terms and rates available.
8. M.M. will check and follow up on all contracts with media for proper performance including the appearance, accuracy, date, time, position, size, extent, site, workmanship and mechanical reproductions as appropriate to the advertisements use.

For these services, ABR&S will pay a monthly retainer fee of $5,000 to M.M. each month.

M.M. will also be entitled to the standard industry commission of 15% on the gross rate of all print and electronic media placed by MM, including but not limited to consumer and trade publications, radio, television/cable spots, billboards, bus shelters, internet marketing etc., with the following exception.

Since the ABR&S intends to barter a major portion of the advertising budget with an outside barter group, M.M. requests In lieu of the normal 15% agency commission on this amount, a payment of a 2% agency commission to be paid to M.M. on the gross amount placed. This 2% commission is to be paid to M.M. in the form of trade for room, food & beverage and without any time restrictions, and as normal is based upon room availability.

For this 2% commission M.M. will coordinate and interface with all parties regarding this barter agreement including The Barter Group and all publications, including the handling, shipping and coordinating the insertion of these ads. M.M. will also monitor the media placement and designated insertion dates.

It is understood that all expenses incurred by M.M. on behalf of the as ABR&S for packaging, shipping, delivery, travel, lodging, research, postage etc. will be billed to ABR&S at M.M.'s cost without commission or markup and will be paid each month.

It is also understood that from time to time M.M. for the purpose of cost savings will purchase stock photos or film footage to be used in the production of ABR&S's advertising. The photographic rights granted to these images will be restricted to initial usage stated and for the time period stated on each licensing contract. Any other usage needs to be re-negotiated.

Initial: _____
Date: _____

7434 Trade S
San Diego, CA
858/271.9940 - fax 858/2
www.mastersoncrea
email mastersoncrea@cart

The ABR&S agrees to indemnify M.M. from, and hold M.M. harmless against any and all losses claims, damages, expenses or liabilities which M.M.. may incur based on any defect in products or services sold by the ABR&S or any information and data concerning the ABR&S or its products, providing the advertising or promotional material involved in such losses, claims, damages, expenses or liabilities has been approved by the ABR&S for production and or publication.

Most projects i.e. creative & production will be worked on a fixed price basis with a predetermined set budget. All moneys spent on behalf of the ABR&S will be estimated in advance and within the project budget, which must be approved by the ABR&S with an issued Purchase Order signed by an ABR&S authorized representative before any project can commence.

In accordance with generally recognized procedures, M.M. will not be required to finance the advertising program of the ABR&S. Once a budget for a project has been approved, a mutually acceptable payment schedule will be implemented.

In accordance with state laws, M.M. will not assess sales tax on advertising materials delivered outside the state of California.

If the aforementioned meets with your approval, please return a signed copy of this letter to us. We appreciate the opportunity to serve the ABR&S and are looking forward to a continued successful association with your organization.

Sincerely,

Ed Masterson
President
Masterson Marketing

Accepted by: _____    Date: _9/20/00____

Title: _V.P. Ret. Mgr._____



Initial: _____
Date: _____

7434 Trade S
San Diego, CA
658/271.9940 · fax 658/2
www.mastersonciea:

EXHIBIT 3 



# MASTERSON
## M A R K E T I N G

**I N V O I C E**

7434 TRADE STREET
SAN DIEGO, CA 92121
TEL 619/271-9940 • FAX 619/271/9969

**JOB IS NOT COMPLETE UNTIL PAYMENT IS MADE IN FULL**

BILL TO
Arizona Biltmore
24th St. & Missouri
Phoenix, AZ 85016

| P.O. NO. | DATE | INVOICE # |
|---|---|---|
|  | 4/24/98 | 3116 |

| TERMS | PROJECT |
|---|---|
| see below | bil002 |

| DESCRIPTION | RATE | AMOUNT |
|---|---|---|
| Spa Brochure | 24,875.00 | 24,875.0 |
| | | |
| A twelve page ( 8 page plus cover ) spa rack brochure. The spa brochure will maintain a cohesive look with the other Biltmore materials. | | |
| | | |
| Creative - | | |
| Concept development, design, layout, stock photo usage, digital effects and compositing. Full color mock-ups, high resolution color separations and proofs. Pre-press preparation of digital files in reader spreads for Scitex System (R) manipulation, trapping, hook-ups Generation of high resolution film and color proofs. | | |
| | | |
| Production | | |
| Project Coordination: Includes estimating, scheduling, vendor coordination, job trafficking, color/type proofing and press checks. | | |
| Quantity: 50,000 pieces | | |
| Folded size: 4" x 9" | | |
| Flat size: 8" x 9" | | |
| Color: 5/5 (4-color plus varnish) | | |
| Paper stock: 80# Cover w/80# Book guts | | |
| | | |
| Terms: 50% to initiate project | | |
|          50% due upon completion | | |
| | | |
| Shipping additional | | |
| Out-of-state sale, exempt from sales tax | 0.00% | 0 |
| | | |
| | | |
| | | |
| Thank you for your business | | |

| | Total | $24,87 |
|---|---|---|

SIGNED BY: _____    DATE _____

Subject to the terms and conditions on reverse side.

TERMS AND CONDITIONS

## ALL ASSIGNMENTS ARE ACCEPTED SUBJECT TO THESE TERMS AND CONDITIONS; AND ALL REPRODUCTION RIGHTS OR LICENSES ARE LIMITED AS FOLLOWS:

1. **DEFINITIONS:**

2. **ESTIMATED FEES, CHARGES AND EXPENSES:** All estimated fees, production charges and expenses apply only to the original layout, job description

3. **POSTPONEMENTS AND CANCELLATIONS:**
and expense.

A postponement
shoot date

4. **WEATHER DELAYS:**
charges and expenses

5. **CLIENT APPROVAL:**
interpretation of the
deemed unacceptable

6. **OVERTIME:**
at one-and-one half

7. **RESHOOTS:** Unless
for any reshoot requested by Client
defect, damage, equipment or production breakdown
Client advances
insurance costs
insurance exclusions

8. **INDEMNITY:**
ages, including reasonable attorney's fees and Court
release was requested
Photographers or Representative

9. **REPRODUCTION RIGHTS:**
of the copyright
face of this Agreement
may not sell, assign or otherwise transfer
consent.

10. **RETURN OF PHOTOGRAPHS:** Client agrees
by Client to make reproductions
undamaged, unaltered

11. **LOSS OR DAMAGE:**
attachment or by delivery
$1500 dollars per original
to immediate payment

12. **PAYMENT AND COLLECTION TERMS:**
collect any expense
Agreement

13. **SALES TAX:**
Sales use

14. **MISCELLANEOUS:**
client or agent
Any transfer
by the laws of the

15. **PHOTOGRAPHER'S ADDITIONS:**

EXHIBIT __4__



MASTERSON
M A R K E T I N G

INVOICE

7434 TRADE STREET
SAN DIEGO, CA 92121
TEL 619/271-9940 • FAX 619/271/9969

**JOB IS NOT COMPLETE UNTIL PAYMENT IS MADE IN FULL**

| | P.O. NO. | |
|---|---|---|
| PROJECT NUMBER | DATE | INVOICE # |
| bil008 | 8/05/5 | 3221 |
| PROJECT NAME | TERMS | |
| Rack Brochure | Due on receipt | |

Bill To:
Serena Bilmore
2018 E. Missouri
Phoenix, AZ 85016

| DESCRIPTION | RATE | AMOUNT |
|---|---|---|
| Twelve page rack brochure. The rack brochure will maintain a cohesive look with the other Bilmore materials. The rack brochure can be used as an inexpensive stand alone sales tool or in combination with the full presentation package. | 50,990.00 | 50,990.00T |
| | | |
| A) Creative-<br>Concept development, design (images may cross-over from the overview brochure), layout, digital effects and compositing. Full color mock ups, high resoution color separations and proofs and copy writing assistance. Pre-press preparation of digital files in reader spreads for Scitex System manipulation, trapping and hook-ups. Generation of high resolution film and color proofs. | | |
| | | |
| B) Production -<br>Project coordination: Includes estimating, scheduling, vendor coordination, job trafficking, color type proofing an press checks.<br>Quantity: 100,000<br>Folded size: 4" x 9"<br>Color: 6/6<br>Paper stock:  100# cover/100# book weight gloss paper | | |
| | | |
| out-of-state sale, exempt from CA sales tax | 0.00% | 0.00 |
| | | |
| Thank you for your business. | | |

| | Total | $50,990.0 |
|---|---|---|

SIGNED BY: _____    DATE _____

Subject to the terms and conditions on reverse side.

# TERMS AND CONDITIONS

## ALL ASSIGNMENTS ARE ACCEPTED SUBJECT TO THESE TERMS AND CONDITIONS; AND ALL REPRODUCTION RIGHTS OR LICENSES ARE LIMITED AS FOLLOWS:

1. **DEFINITIONS:** ...

2. **ESTIMATED FEES, CHARGES AND EXPENSES:** All estimated fees, production charges and expenses apply only to the original layout, job description, reproduction rights, amount of use as specified on this form. Any change in the out put to amendment or separate agreement ...

3. **POSTPONEMENTS AND CANCELLATIONS:** ...

A postponement is the overthrow ... the Client for ... in dependent ... original shoot date

4. **WEATHER DELAYS:** ... charges and expenses incurred ...

5. **CLIENT APPROVAL:** Client ... responsible for the interpretation of the assignment ... no representative consent, ... deemed unacceptable by Client ... Photographer shall have right of first refusal, but at his own option, to freelance out for his own Item #7

6. **OVERTIME:** In the event the shoot extends beyond eight consecutive hours ... may charge ... at one-and-one-half their hourly rate.

7. **RESHOOTS:** Unless Photographer consents in writing otherwise, (a) Client will ... photographer's fee ... for any reshoot requested by Client; (b) if before being delivered to Client the film ... of defect, damage, equipment malfunction, processing or other technical error, Photographer will reshoot ... be provided ... Client advances and pays all charges and expenses for the reshoot and the initial ... If Photographer ... insurance and collects ... and will ... insurance exclusions will be provided upon request.

8. **INDEMNITY:** Client will indemnify and hold Photographer and Representative harmless from any and all claims, liabilities and damages, including reasonable attorney's fees, costs, ... arising from (a) Client uses of the photographer's photographs for which no release was requested in writing ... (b) Photographer's or Representative ... reliance on ... any instruction or assurance ... provided or approved by Client.

9. **REPRODUCTION RIGHTS:** ... reproduction rights are conditional on Photographer ... of the copyright notice. All rights not expressly granted herein remain the exclusive property of Photographer. Unless otherwise stated on the face of this Agreement, duration ... this license ... year from ... assignment ... The Client ... Client may not sell, assign or otherwise transfer the license or any rights or obligations under the license without Photographer's prior written consent.

10. **RETURN OF PHOTOGRAPHS:** Client assumes all risk for all photographs, both used and delivered to ... from date of receipt by Client to time of receipt by Photographer. Due Return Date ... Client ... undamaged, unaltered and unfaded ... within 30 days ...

11. **LOSS OR DAMAGE:** the actual cost ... liquidated damage ... attachment or delivery ... maximum than ... be between the parties to be $1500 dollars per original transparency or negative ... in the event of loss, ... and shall be ... to immediate payment in full ...

12. **PAYMENT AND COLLECTION TERMS:** ... collect any costs ... add ... Agreement ...

13. **SALES TAX:** ...

14. **MISCELLANEOUS:** ... client or agent ... Any transfer of ... by the laws of the ...

15. **PHOTOGRAPHER'S PROVISIONS:**

EXHIBIT  5 



**MASTERSON**
C R E A T I V E

7434 TRADE STREET • SAN DIEGO, CA 92121 • TEL (619) 271-9940 • FAX (619) 271-9969

THIS IS A CONTRACT. PLEASE READ THE TERMS AND CONDITIONS ON THE REVERSE SIDE CAREFULLY.
PLEASE PAY FROM THIS CONTRACT. NO OTHER BILLING WILL BE ISSUED.

Bill To:

Attention: Accounts Payable
Arizona Biltmore
24th Street & Missouri
Phoenix, Az 85016

## INVOICE
### 99-263 Z

| Date | Contract | P.O. No. | Terms | Due | Project No. | Project Title |
|------|----------|----------|-------|-----|-------------|---------------|
| 08/04/99 | 99-263 | 040412 | Due on receipt | 08/04/99 | bil083 | Leisure Campaign |

| Description | Amount |
|-------------|--------|
| Image Advertisement - 1999 Leisure Campaign | 7,500.00 |
| Run of Book Full page four color ad promoting The Arizona Biltmore Resort. | |
| The Jewel of the Desert Ad - Golfer with woman emerging from water with Squaw Peak Background. | |
| A) CREATIVE - Concept development, stock photo usuage, multiple imaging compositing, graphic design, digital retouching and enhancement, copy writing and full color photo quality mock-ups. | |
| B) PRODUCTION - High resolution color scans and one set of final film with color proofs to publications specufications. | |
| Shipping and Handling To be paid by customer. | 0.00 |

Thank you for your business...

|  | Total: | $7,500.00 |

SIGNED BY: _____  DATE: _____
SUBJECT TO THE TERMS AND CONDITIONS ON REVERSE SIDE.

# TERMS AND CONDITIONS

ALL PROJECTS ARE ACCEPTED SUBJECT TO THESE TERMS AND CONDITIONS;
AND ALL REPRODUCTION RIGHTS OR LICENSES ARE LIMITED AS FOLLOWS:

1.  DEFINITIONS: This agreement is between Ed Masterson (author of the photography and design) or Ed Masterson's authorized "Representative" named on the face of this form, and "Client" (the commissioning party, and its agent). This Project will be the designer/photographers interpretation rather than literal recreation of Client's concept(s) and/or layout(s).

2.  ESTIMATED FEES, CHARGES AND EXPENSES: All estimated fees, production charges and expenses apply only to the original layout, job description, reproduction rights licensed and Period of Use as specified on this form. Any changes are subject to amendment or separate agreement. Design and production fees beyond the agreed upon job as described on the face of this contract, are billable and will be estimated and approved in advance of initiation of work. Client and clients agent are jointly and severally responsible for payment of fees, charges and expenses.

3.  POSTPONEMENTS AND CANCELLATIONS: If client postpones or cancels the assignment, Client will pay all incurred fees, charges, and expenses. If the project is postponed or canceled without the Creative Director's prior written consent two business days (48 hours) or more prior to the shoot/tape date, Client will also pay the following percentages of the Creative Director's fees: (a) postponement, 25%; (b) cancellation, 50%; (c) if postponed or canceled in less than two business days, Client will pay 100% of the Creative Director's fees.

4.  CLIENT APPROVAL: Client is responsible for the presence of its authorized representative at the taping and/or shoot to approve the Creative Directors interpretation of the assignment. If no representative is present, the Creative Director's interpretation will be deemed acceptable. However, if deemed unacceptable by Client, the Creative Director shall have the right of first refusal, but not the obligation to reshoot according to item #5.

5.  RESHOOTS: Unless Creative Director consents in writing otherwise: (a) Client will pay Creative Directors fee's, charges and expenses for any reshoot requested by Client; (b) if before being delivered to Client, the film from the shoot or taping has been lost or is unusable because of defect, damage, equipment malfunction, processing or other technical error, Creative Director will reshoot without additional fees, provided Client advances and pays all charges and expenses for the reshoot/retape and the initial shoot/tape; (c) if Creative Director charges for special reshoot insurance and collects for a loss, Client will not be charged for any portion of the reshoot/retape covered by the insurance payment. A list of insurance exclusions will be provided upon request.

6.  INDEMNITY: Client will indemnify and hold Creative Director and Representatives harmless from any and all claims, liabilities and damages, including reasonable attorney fees and court costs arising from: (a) Client's use of Creative Director's images, including uses for which no release was requested in writing or for uses which exceed authority granted by talent or other release or by this agreement, and (b) Creative Director's or Representative's reliance on, or use of, any instruction or assurance, or material provided or approved by Client.

7.  REPRODUCTION RIGHTS: Reproduction rights are conditioned on Creative Director's receipt of payment in full and Client's proper use of the copyright notice. All rights not expressly granted herein remain the exclusive property of Creative Director. Unless otherwise stated on the face of this Agreement, duration of the license is one year from Agreement date and limited to use in the United States of America. Client may not sell, assign, or otherwise transfer this License, or any rights or obligations under this License without Creative Director's prior written consent.

8.  RETURN OF MATERIALS: Client assumes all risk for all film, digital and original art delivered by Creative Director from time of receipt by Client to time of receipt by Creative Director. If no return date appears on the face of this Agreement, Client shall return all these materials(s) in undamaged or unaltered condition within 30 days of use, i.e., publication.

9.  LOSS OR DAMAGE: If no "actual value" for liquidated damage(s) amount per image appears on the face of this form, or by attachment or by delivery memorandum, then liquidated damage(s) for loss or damage has been agreed upon between the parties to be $1500 dollars per original transparency or negative. In the event of failure to return images per item #8, Creative Director shall be entitled to immediate payment in full of above liquidated damages.

10. PAYMENT AND COLLECTION TERMS: Invoices are payable upon receipt by clients or their agents unless otherwise agreed by both parties. Creative Director shall be entitled to collect any expenses, including reasonable attorney's fees and costs, required to collect any sums due or to enforce the terms of this Agreement.

11. SALES TAX: Unless Client or Agent supplies Creative Director with a properly executed resale certificate, Client must pay all applicable sales, use or similar taxes, including any subsequent assessment made by tax authorities.

12. MISCELLANEOUS: Any changes to this agreement must be in writing and signed by the party to be bound by the changes. Unless client or agent receives from Creative Director a properly executed talent or property release(s), Client is responsible for obtaining the release(s). Any transfer of ownership of original materials must be in writing and signed by Creative Director. The terms of this Agreement shall be governed by the laws of the state of California.

13. CONCEPT: The concept remains the property of Ed Masterson or Ed Masterson's authorized "Representative" named on the face of this form.

EXHIBIT _6_



**MASTERSON**
R E A T I V E

7434 TRADE STREET • SAN DIEGO, CA 92121 • TEL (619) 271-9940 • FAX (619) 271-9969

THIS IS A CONTRACT. PLEASE READ THE TERMS AND CONDITIONS ON THE REVERSE SIDE CAREFULLY.
PLEASE PAY FROM THIS CONTRACT. NO OTHER BILLING WILL BE ISSUED.

Bill To:

Attention: Accounts Payable
Arizona Biltmore
24th Street & Missouri
Phoenix, Az 85016

## INVOICE
### 99-264 Z

| Date | Contract | P.O. No. | Terms | Due | Project No. | Project Title |
|------|----------|----------|-------|-----|-------------|---------------|
| 08/04/99 | 99-264 | 040411 | Due on receipt | 08/04/99 | bill089 | Spa 99 Campaign |

| Description | Amount |
|-------------|--------|
| Image Advertisement - The Spa 1999 Campaign<br>Run of Book Full Page four color ad promoting The Arizona Biltmore Spa.<br><br>The Spa Experience Ad - Watergoddess mosaic with woman emerging from water<br>in night shot of pool.<br><br>A) CREATIVE -<br>Concept development, stock photo usage, multiple imaging compositing, graphic design,<br>digital retouching and enhancement, copy writing and full color photo quality mock-ups.<br><br>B) PRODUCTION -<br>High resolution color scans and one set of final film with color proofs to publication<br>specifications.<br><br>Shipping and Handling<br>To be paid by customer. | 7,500.00<br><br><br><br><br><br><br><br><br><br><br>0.00 |

Thank you for your business.

$7,500.00

Total:

SIGNED BY: _____   DATE: _____
SUBJECT TO THE TERMS AND CONDITIONS ON REVERSE SIDE.

JOB IS NOT COMPLETE UNTIL PAYMENT IS MADE IN FULL

## TERMS AND CONDITIONS

### ALL PROJECTS ARE ACCEPTED SUBJECT TO THESE TERMS AND CONDITIONS; AND ALL REPRODUCTION RIGHTS OR LICENSES ARE LIMITED AS FOLLOWS:

1. DEFINITIONS: This agreement is between Ed Masterson (author of the photography and design) or Ed Masterson's authorized "Representative" named on the face of this form, and "Client" (the commissioning party, and its agent). This Project will be the designer/photographers interpretation rather than literal recreation of Client's concept(s) and/or layout(s).

2. ESTIMATED FEES, CHARGES AND EXPENSES: All estimated fees, production charges and expenses apply only to the original layout, job description, reproduction rights licensed and Period of Use as specified on this form. Any changes are subject to amendment or separate agreement. Design and production fees beyond the agreed upon job as described on the face of this contract, are billable and will be estimated and approved in advance of initiation of work. Client and clients agent are jointly and severally responsible for payment of fees, charges and expenses.

3. POSTPONEMENTS AND CANCELLATIONS: If client postpones or cancels the assignment, Client will pay all incurred fees, charges, and expenses. If the project is postponed or canceled without the Creative Director's prior written consent two business days (48 hours) or more prior to the shoot/tape date, Client will also pay the following percentages of the Creative Director's fees: (a) postponement, 25%; (b) cancellation, 50%; (c) if postponed or canceled in less than two business days, Client will pay 100% of the Creative Director's fees.

4. CLIENT APPROVAL: Client is responsible for the presence of its authorized representative at the taping and/or shoot to approve the Creative Directors interpretation of the assignment. If no representative is present, the Creative Director's interpretation will be deemed acceptable. However, if deemed unacceptable by Client, the Creative Director shall have the right of first refusal, but not the obligation to reshoot according to item #5.

5. RESHOOTS: Unless Creative Director consents in writing otherwise: (a) Client will pay Creative Directors fee's, charges and expenses for any reshoot requested by Client; (b) if before being delivered to Client, the film from the shoot or taping has been lost or is unusable because of defect, damage, equipment malfunction, processing or other technical error, Creative Director will reshoot without additional fees, provided Client advances and pays all charges and expenses for the reshoot/retape and the initial shoot/tape; (c) if Creative Director charges for special reshoot insurance and collects for a loss, Client will not be charged for any portion of the reshoot/retape covered by the insurance payment. A list of insurance exclusions will be provided upon request.

INDEMNITY: Client will indemnify and hold Creative Director and Representatives harmless from any and all claims, liabilities and damages, including reasonable attorney fees and court costs arising from: (a) Client's use of Creative Director's images, including uses for which no release was requested in writing or for uses which exceed authority granted by talent or other release or by this agreement, and (b) Creative Director's or Representative's reliance on, or use of, any instruction or assurance, or material provided or approved by Client.

7. REPRODUCTION RIGHTS: Reproduction rights are conditioned on Creative Director's receipt of payment in full and Client's proper use of the copyright notice. All rights not expressly granted herein remain the exclusive property of Creative Director. Unless otherwise stated on the face of this Agreement, duration of the license is one year from Agreement date and limited to use in the United States of America. Client may not sell, assign, or otherwise transfer this License, or any rights or obligations under this License without Creative Director's prior written consent.

8. RETURN OF MATERIALS: Client assumes all risk for all film, digital and original art delivered by Creative Director from time of receipt by Client to time of receipt by Creative Director. If no return date appears on the face of this Agreement, Client shall return all these materials(s) in undamaged or unaltered condition within 30 days of use, i.e., publication.

9. LOSS OR DAMAGE: If no "actual value" for liquidated damage(s) amount per image appears on the face of this form, or by attachment or by delivery memorandum, then liquidated damage(s) for loss or damage has been agreed upon between the parties to be $1500 dollars per original transparency or negative. In the event of failure to return images per item #8, Creative Director shall be entitled to immediate payment in full of above liquidated damages.

10. PAYMENT AND COLLECTION TERMS: Invoices are payable upon receipt by clients or their agents unless otherwise agreed by both parties. Creative Director shall be entitled to collect any expenses, including reasonable attorney's fees and costs, required to collect any sums due or to enforce the terms of this Agreement.

11. SALES TAX: Unless Client or Agent supplies Creative Director with a properly executed resale certificate, Client must pay all applicable sales, use or similar taxes, including any subsequent assessment made by tax authorities.

12. MISCELLANEOUS: Any changes to this agreement must be in writing and signed by the party to be bound by the changes. Unless client or agent receives from Creative Director a properly executed talent or property release(s), Client is responsible for obtaining the release(s). Any transfer of ownership of original materials must be in writing and signed by Creative Director. The terms of this Agreement shall be governed by the laws of the state of California.

13. CONCEPT: The concept remains the property of Ed Masterson or Ed Masterson's authorized "Representative" named on the face of this form.

EXHIBIT __7__

# MASTERSON
C R E A T I V E

434 TRADE STREET • SAN DIEGO, CA 92121 • TEL (619) 271-9940 • FAX (619) 271-9969

THIS IS A CONTRACT. PLEASE READ THE TERMS AND CONDITIONS ON THE REVERSE SIDE CAREFULLY.
PLEASE PAY FROM THIS CONTRACT. NO OTHER BILLING WILL BE ISSUED.

Bill To:

Attention: Accounts Payable
Arizona Biltmore
24th Street & Missouri
Phoenix, Az 85016

## INVOICE
### 99-265 Z

| Date | Contract | P.O. No. | Terms | Due | Project No. | Project Title |
|------|----------|----------|-------|-----|-------------|---------------|
| 08/04/99 | 99-265 | 040410 | Due on receipt | 08/04/99 | bil090 | 99 Group Campaign |

| Description | Amount |
|-------------|--------|
| Image Advertisement - 1999 Group Campaign | 7,500.00 |
| Run of Book Full Page four color ad promoting The Arizona Biltmore meeting planners. | |
| Agenda Ad - Mont Blanc Pen with woman emerging from water with Squaw Peak background. | |
| A) CREATIVE - Concept development, stock photo usage, multiple imaging compositing, graphic design, digital retouching and enhancement, copy writing and full color photo quality mock-ups. | |
| B) PRODUCTION - High resolution color scans and one set of final film with color proofs to publication specifications. | |
| Shipping and Handling To be paid by customer. | 0.00 |

Thank you for your business.

Total: $7,500.00

SIGNED BY: _____  DATE: _____
SUBJECT TO THE TERMS AND CONDITIONS ON REVERSE SIDE.

## JOB IS NOT COMPLETE UNTIL PAYMENT IS MADE IN FULL

# TERMS AND CONDITIONS

### ALL PROJECTS ARE ACCEPTED SUBJECT TO THESE TERMS AND CONDITIONS; AND ALL REPRODUCTION RIGHTS OR LICENSES ARE LIMITED AS FOLLOWS:

DEFINITIONS: This agreement is between Ed Masterson (author of the photography and design) or Ed Masterson's authorized "Representative" named on the face of this form, and "Client" (the commissioning party, and its agent). This Project will be the designer/photographers interpretation rather than literal recreation of Client's concept(s) and/or layout(s).

2. ESTIMATED FEES, CHARGES AND EXPENSES: All estimated fees, production charges and expenses apply only to the original layout, job description, reproduction rights licensed and Period of Use as specified on this form. Any changes are subject to amendment or separate agreement. Design and production fees beyond the agreed upon job as described on the face of this contract, are billable and will be estimated and approved in advance of initiation of work. Client and clients agent are jointly and severally responsible for payment of fees, charges and expenses.

3. POSTPONEMENTS AND CANCELLATIONS: If client postpones or cancels the assignment, Client will pay all incurred fees, charges, and expenses. If the project is postponed or canceled without the Creative Director's prior written consent two business days (48 hours) or more prior to the shoot/tape date, Client will also pay the following percentages of the Creative Director's fees: (a) postponement, 25%; (b) cancellation, 50%; (c) if postponed or canceled in less than two business days, Client will pay 100% of the Creative Director's fees.

4. CLIENT APPROVAL: Client is responsible for the presence of its authorized representative at the taping and/or shoot to approve the Creative Directors interpretation of the assignment. If no representative is present, the Creative Director's interpretation will be deemed acceptable. However, if deemed unacceptable by Client, the Creative Director shall have the right of first refusal, but not the obligation to reshoot according to item #5.

5. RESHOOTS: Unless Creative Director consents in writing otherwise: (a) Client will pay Creative Directors fee's, charges and expenses for any reshoot requested by Client; (b) if before being delivered to Client, the film from the shoot or taping has been lost or is unusable because of defect, damage, equipment malfunction, processing or other technical error, Creative Director will reshoot without additional fees, provided Client advances and pays all charges and expenses for the reshoot/retape and the initial shoot/tape; (c) if Creative Director charges for special reshoot insurance and collects for a loss, Client will not be charged for any portion of the reshoot/retape covered by the insurance payment. A list of insurance exclusions will be provided upon request.

INDEMNITY: Client will indemnify and hold Creative Director and Representatives harmless from any and all claims, liabilities and damages, including reasonable attorney fees and court costs arising from: (a) Client's use of Creative Director's images, including uses for which no release was requested in writing or for uses which exceed authority granted by talent or other release or by this agreement, and (b) Creative Director's or Representative's reliance on, or use of, any instruction or assurance, or material provided or approved by Client.

7. REPRODUCTION RIGHTS: Reproduction rights are conditioned on Creative Director's receipt of payment in full and Client's proper use of the copyright notice. All rights not expressly granted herein remain the exclusive property of Creative Director. Unless otherwise stated on the face of this Agreement, duration of the license is one year from Agreement date and limited to use in the United States of America. Client may not sell, assign, or otherwise transfer this License, or any rights or obligations under this License without Creative Director's prior written consent.

8. RETURN OF MATERIALS: Client assumes all risk for all film, digital and original art delivered by Creative Director from time of receipt by Client to time of receipt by Creative Director. If no return date appears on the face of this Agreement, Client shall return all these materials(s) in undamaged or unaltered condition within 30 days of use, i.e., publication.

9. LOSS OR DAMAGE: If no "actual value" for liquidated damage(s) amount per image appears on the face of this form, or by attachment or by delivery memorandum, then liquidated damage(s) for loss or damage has been agreed upon between the parties to be $1500 dollars per original transparency or negative. In the event of failure to return images per item #8, Creative Director shall be entitled to immediate payment in full of above liquidated damages.

10. PAYMENT AND COLLECTION TERMS: Invoices are payable upon receipt by clients or their agents unless otherwise agreed by both parties. Creative Director shall be entitled to collect any expenses, including reasonable attorney's fees and costs, required to collect any sums due or to enforce the terms of this Agreement.

11. SALES TAX: Unless Client or Agent supplies Creative Director with a properly executed resale certificate, Client must pay all applicable sales use or similar taxes, including any subsequent assessment made by tax authorities.

12. MISCELLANEOUS: Any changes to this agreement must be in writing and signed by the party to be bound by the changes. Unless client or agent receives from Creative Director a properly executed talent or property release(s), Client is responsible for obtaining the release(s). Any transfer of ownership of original materials must be in writing and signed by Creative Director. The terms of this Agreement shall be governed by the laws of the state of California.

13. CONCEPT: The concept remains the property of Ed Masterson or Ed Masterson's authorized "Representative" named on the face of this form.

EXHIBIT 8

# MASTERSON
C R E A T I V E

7434 TRADE STREET • SAN DIEGO, CA 92121 • TEL. (619) 271-9940 • FAX (619) 271-996

THIS IS A CONTRACT. PLEASE READ THE TERMS AND CONDITIONS ON THE REVERSE SIDE CAREFULL
PLEASE PAY FROM THIS CONTRACT. NO OTHER BILLING WILL BE ISSUEI

Bill To:

Attention: Accounts Payable
Arizona Biltmore
24th Street & Missouri
Phoenix, Az 85016

**INVOICE**
99-429 Z

| Date | Contract | P.O. No. | Terms | Due | Project No. | Project Title |
|------|----------|----------|-------|-----|-------------|---------------|
| 01/28/'00 | 99-429Z | 45231 | Due on receipt | 01/20/'00 | bil143 | Photo Shoot |

| Description | Amount |
|-------------|--------|
| **Photo Shoot** | |
| **On Location** Photo Shoot. | 25,000.0( |
| **Dates:** | |
| **February 2, 2000** | |
| **February 3, 2000** | |
| **February 4, 2000** | |
| | |
| **Package price includes:** | |
| **4 professional models with 3 year buyout for one day (or tbd), Photo assistants, lighting and equipment.** | |
| | |
| **Photo shoot subjects include:** | |
| **Spa** | |
| **Health Center** | |
| **Wine Center** | |
| **Bar** | |
| **Cafe** | |
| **Cabanas** | |
| **New Wing** | |
| **Food Shots** | |

**Thank you for your business.**

**Total:** **$25,000.**

SIGNED BY: _____ DATE: _____
SUBJECT TO THE TERMS AND CONDITIONS ON REVERSE SIDE.

## JOB IS NOT COMPLETE UNTIL PAYMENT IS MADE IN FULL

# TERMS AND CONDITIONS

**ALL PROJECTS ARE ACCEPTED SUBJECT TO THESE TERMS AND CONDITIONS;
AND ALL REPRODUCTION RIGHTS OR LICENSES ARE LIMITED AS FOLLOWS:**

1. DEFINITIONS: This agreement is between Ed Masterson (author of the photography and design) or Ed Masterson's authorized "Representative" named on the face of this form, and "Client" (the commissioning party, and its agent). This Project will be the designer/photographers interpretation rather than literal recreation of Client's concept(s) and/or layout(s).

2. ESTIMATED FEES, CHARGES AND EXPENSES: All estimated fees, production charges and expenses apply only to the original layout, job description, reproduction rights licensed and Period of Use as specified on this form. Any changes are subject to amendment or separate agreement. Design and production fees beyond the agreed upon job as described on the face of this contract, are billable and will be estimated and approved in advance of initiation of work. Client and clients agent are jointly and severally responsible for payment of fees, charges and expenses.

3. POSTPONEMENTS AND CANCELLATIONS: If client postpones or cancels the assignment, Client will pay all incurred fees, charges, and expenses. If the project is postponed or canceled without the Creative Director's prior written consent two business days (48 hours) or more prior to the shoot/tape date, Client will also pay the following percentages of the Creative Director's fees: (a) postponement, 25%; (b) cancellation, 50%; (c) if postponed or canceled in less than two business days, Client will pay 100% of the Creative Director's fees.

4. CLIENT APPROVAL: Client is responsible for the presence of its authorized representative at the taping and/or shoot to approve the Creative Directors interpretation of the assignment. If no representative is present, the Creative Director's interpretation will be deemed acceptable. However, if deemed unacceptable by Client, the Creative Director shall have the right of first refusal, but not the obligation to reshoot according to item #5.

5. RESHOOTS: Unless Creative Director consents in writing otherwise: (a) Client will pay Creative Directors fee's, charges and expenses for any reshoot requested by Client; (b) if before being delivered to Client, the film from the shoot or taping has been lost or is unusable because of defect, damage, equipment malfunction, processing or other technical error, Creative Director will reshoot without additional fees, provided Client advances and pays all charges and expenses for the reshoot/retape and the initial shoot/tape; (c) if Creative Director charges for special reshoot insurance and collects for a loss, Client will not be charged for any portion of the reshoot/retape covered by the insurance payment. A list of insurance exclusions will be provided upon request.

6. INDEMNITY: Client will indemnify and hold Creative Director and Representatives harmless from any and all claims, liabilities and damages, including reasonable attorney fees and court costs arising from: (a) Client's use of Creative Director's images, including uses for which no release was requested in writing or for uses which exceed authority granted by talent or other release or by this agreement, and (b) Creative Director's or Representative's reliance on, or use of, any instruction or assurance, or material provided or approved by Client.

7. REPRODUCTION RIGHTS: Reproduction rights are conditioned on Creative Director's receipt of payment in full and Client's proper use of the copyright notice. All rights not expressly granted herein remain the exclusive property of Creative Director. Unless otherwise stated on the face of this Agreement, duration of the license is one year from Agreement date and limited to use in the United States of America. Client may not sell, assign, or otherwise transfer this License, or any rights or obligations under this License without Creative Director's prior written consent.

8. RETURN OF MATERIALS: Client assumes all risk for all film, digital and original art delivered by Creative Director from time of receipt by Client to time of receipt by Creative Director. If no return date appears on the face of this Agreement, Client shall return all these materials(s) in undamaged or unaltered condition within 30 days of use, i.e., publication.

9. LOSS OR DAMAGE: If no "actual value" for liquidated damage(s) amount per image appears on the face of this form, or by attachment or by delivery memorandum, then liquidated damage(s) for loss or damage has been agreed upon between the parties to be $1500 dollars per original transparency or negative. In the event of failure to return images per item #8, Creative Director shall be entitled to immediate payment in full of above liquidated damages.

10. PAYMENT AND COLLECTION TERMS: Invoices are payable upon receipt by clients or their agents unless otherwise agreed by both parties. Creative Director shall be entitled to collect any expenses, including reasonable attorney's fees and costs, required to collect any sums due or to enforce the terms of this Agreement.

11. SALES TAX: Unless Client or Agent supplies Creative Director with a properly executed resale certificate, Client must pay all applicable sales use or similar taxes, including any subsequent assessment made by tax authorities.

12. MISCELLANEOUS: Any changes to this agreement must be in writing and signed by the party to be bound by the changes. Unless client or agent receives from Creative Director a properly executed talent or property release(s), Client is responsible for obtaining the release(s). Any transfer of ownership of original materials must be in writing and signed by Creative Director. The terms of this Agreement shall be governed by the laws of the state of California.

13. CONCEPT: The concept remains the property of Ed Masterson or Ed Masterson's authorized "Representative" named on the face of this form.

EXHIBIT 9 

# MASTERSON
C R E A T I V E

7434 TRADE STREET • SAN DIEGO, CA 92121 • TEL (619) 271-9940 • FAX (619) 271-9969

**THIS IS A CONTRACT PLEASE READ THE TERMS AND CONDITIONS ON THE REVERSE SIDE CAREFULLY.**
**PLEASE PAY FROM THIS CONTRACT. NO OTHER BILLING WILL BE ISSUED.**

Bill To

Attention: Accounts Payable
Arizona Biltmore
24th Street & Missouri
Phoenix, AZ 85016

| Date | Contract | P.O. No. | Terms | Due | Project No. | Project Title |
|------|----------|----------|-------|-----|-------------|---------------|
| 11/28/01 | 99-916 | 11691 | Due on receipt | 11/28/01 | bil298 | 2001 f/b shoot |

| Description | Amount |
|-------------|--------|
| Major Photo Shoot August 9th, 2001 of 12 different food set-ups for usage in The Arizona Biltmore brochures and advertising. Includes travel, photo assistance, photo stylist, props, film, processing, pre-prep days, color separations and digital color corrections. | 10,000.00 |

All wc. is complete!

| | Total: | $10,000.00 |

SIGNED BY: _____    DATE: _____
**SUBJECT TO THE TERMS AND CONDITIONS ON REVERSE SIDE.**

## JOB IS NOT COMPLETE UNTIL PAYMENT IS MADE IN FULL

# TERMS AND CONDITIONS

**ALL PROJECTS ARE ACCEPTED SUBJECT TO THESE TERMS AND CONDITIONS;
AND ALL REPRODUCTION RIGHTS OR LICENSES ARE LIMITED AS FOLLOWS:**

1. DEFINITIONS: This agreement is between Ed Masterson (author of the photography and design) or Ed Masterson's authorized "Representative" named on the face of this form, and "Client" (the commissioning party, and its agent). This Project will be the designer/photographers interpretation rather than literal recreation of Client's concept(s) and/or layout(s).

2. ESTIMATED FEES, CHARGES AND EXPENSES: All estimated fees, production charges and expenses apply only to the original layout, job description, reproduction rights licensed and Period of Use as specified on this form. Any changes are subject to amendment or separate agreement. Design and production fees beyond the agreed upon job as described on the face of this contract, are billable and will be estimated and approved in advance of initiation of work. Client and clients agent are jointly and severally responsible for payment of fees, charges and expenses.

3. POSTPONEMENTS AND CANCELLATIONS: If client postpones or cancels the assignment, Client will pay all incurred fees, charges, and expenses. If the project is postponed or canceled without the Creative Director's prior written consent two business days (48 hours) or more prior to the shoot/tape date, Client will also pay the following percentages of the Creative Director's fees: (a) postponement, 25%; (b) cancellation, 50%; (c) if postponed or canceled in less than two business days, Client will pay 100% of the Creative Director's fees.

4. CLIENT APPROVAL: Client is responsible for the presence of its authorized representative at the taping and/or shoot to approve the Creative Directors interpretation of the assignment. If no representative is present, the Creative Director's interpretation will be deemed acceptable. However, if deemed unacceptable by Client, the Creative Director shall have the right of first refusal, but not the obligation to reshoot according to item #5.

5. RESHOOTS: Unless Creative Director consents in writing otherwise: (a) Client will pay Creative Directors fee's, charges and expenses for any reshoot requested by Client; (b) if before being delivered to Client, the film from the shoot or taping has been lost or is unusable because of defect, damage, equipment malfunction, processing or other technical error, Creative Director will reshoot without additional fees, provided Client advances and pays all charges and expenses for the reshoot/retape and the initial shoot/tape; (c) if Creative Director charges for special reshoot insurance and collects for a loss, Client will not be charged for any portion of the reshoot/retape covered by the insurance payment. A list of insurance exclusions will be provided upon request.

6. INDEMNITY: Client will indemnify and hold Creative Director and Representatives harmless from any and all claims, liabilities and damages, including reasonable attorney fees and court costs arising from: (a) Client's use of Creative Director's images, including uses for which no release was requested in writing or for uses which exceed authority granted by talent or other release or by this agreement and (b) Creative Director's or Representative's reliance on, or use of, any instruction or assurance, or material provided or approved by Client.

7. REPRODUCTION RIGHTS: Reproduction rights are conditioned on Creative Director's receipt of payment in full and Client's proper use of the copyright notice. All rights not expressly granted herein remain the exclusive property of Creative Director. Unless otherwise stated on the face of this Agreement, duration of the license is one year from Agreement date and limited to use in the United States of America. Client may not sell, assign, or otherwise transfer this License, or any rights or obligations under this License without Creative Director's prior written consent.

8. RETURN OF MATERIALS: Client assumes all risk for all film, digital and original art delivered by Creative Director from time of receipt by Client to time of receipt by Creative Director. If no return date appears on the face of this Agreement, Client shall return all these materials(s) in undamaged or unaltered condition within 30 days of use, i.e., publication.

9. LOSS OR DAMAGE: If no "actual value" for liquidated damage(s) amount per image appears on the face of this form, or by attachment or by delivery memorandum, then liquidated damage(s) for loss or damage has been agreed upon between the parties to be $1500 dollars per original transparency or negative. In the event of failure to return images per item #8, Creative Director shall be entitled to immediate payment in full of above liquidated damages.

10. PAYMENT AND COLLECTION TERMS: Invoices are payable upon receipt by clients or their agents unless otherwise agreed by both parties. Creative Director shall be entitled to collect any expenses, including reasonable attorney's fees and costs, required to collect any sums due or to enforce the terms of this Agreement.

11. SALES TAX: Unless Client or Agent supplies Creative Director with a properly executed resale certificate, Client must pay all applicable sales use or similar taxes, including any subsequent assessment made by tax authorities.

12. MISCELLANEOUS: Any changes to this agreement must be in writing and signed by the party to be bound by the changes. Unless client or agent receives from Creative Director a properly executed talent or property release(s), Client is responsible for obtaining the release(s). Any transfer of ownership of original materials must be in writing and signed by Creative Director. The terms of this Agreement shall be governed by the laws of the state of California.

13. CONCEPT: The concept remains the property of Ed Masterson or Ed Masterson's authorized "Representative" named on the face of this form.

EXHIBIT __10__ 

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**

OFFICIAL SEAL

**VA 1-114-173**

EFFECTIVE DATE OF REGISTRATION

10 - 30 - 01
Month    Day    Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

TITLE OF THIS WORK ▼
Photos of rooms, grounds and amenities as appearing in:
Arizona Biltmore Packages 2001 Brochure

NATURE OF THIS WORK ▼ See Instructions
Photographs

PREVIOUS OR ALTERNATIVE TITLES ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼
Arizona Biltmore 2001 Rates & Packages Brochure

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

**2**

NAME OF AUTHOR ▼
a Edward T. Masterson

DATES OF BIRTH AND DEATH
Year Born ▼  1944    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes ☒ No
Pseudonymous?  ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☒ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

NAME OF AUTHOR ▼
b

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR { Citizen of ▶
Domiciled in ▶

Was This Author's Contribution to the Work
Anonymous?  ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**3**

Year In Which Creation of This Work Was Completed
a 2000
◀ Year in all cases.
This information must be given ONLY if this work has been published.

Date and Nation of First Publication of This Particular Work
b Complete this information    Month ▶ Jan.    Day ▶ 1    Year ▶ 2001
USA    ◀ Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Edward T. Masterson
7434 Trade St.
San Diego    CA  92121

See instructions before completing this space.

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
OCT 30 2001
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
OCT 30 2001
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ____ pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation
a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

See instructions
before completing
this space.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Photographs appearing which are listed on continuation sheet-6B

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼                                    **Account Number** ▼

**7**

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

Edward T. Masterson
7434 Trade St.
San Diego CA 92121
Area code and daytime telephone number ▶ 858, 271-9940          Fax number ▶ 858, 271-9969

Email ▶

**b**

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Edward T. Masterson                                    Date ▶ 10/29/01

Handwritten signature (X) ▼
X

**9**

Certificate
will be
mailed in
window
envelope
to this
address:

**Name** ▼
Edward T. Masterson
**Number/Street/Apt** ▼
7434 Trade St.
**City/State/ZIP** ▼
San Diego    CA    92121

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS**
**IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999,
the filing fee for
Form VA is $30.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.
June 1999—100,000
WEB REV: June 1999

Ⓡ PRINTED ON RECYCLED PAPER

U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/71

# CONTINUATION SHEET
# FOR APPLICATION FORMS

FORM ⌐/CON



VA 1-114-173

| PA | PAU | SE | SEG | SEU | SR | SRU | TX | TXU | VA | VAU |
|----|-----|----|----|----|----|-----|-----|-----|-----|-----|

**EFFECTIVE DATE OF REGISTRATION**

( )  3 0 - 0 )

(Month)　　(Day)　　(Year)

CONTINUATION SHEET RECEIVED

OCT 3 0 2001

Page ___ of ___ pages

- This Continuation Sheet is used in conjunction with Forms CA, PA, SE, SR, TX, and VA, only. Indicate which basic form you are continuing in the space in the upper right-hand corner.
- If at all possible, try to fit the information called for into the spaces provided on the basic form.
- If you do not have enough space for all the information you need to give on the basic form, use this Continuation Sheet and submit it with the basic form.
- If you submit this Continuation Sheet, clip (do not tape or staple) it to the basic form and fold the two together before submitting them.
- Space A of this sheet is intended to identify the basic application.
- Space B is a continuation of Space 2 on the basic application. Space B is not applicable to Short forms.
- Space C (on the reverse side of this sheet) is for the continuation of Spaces 1, 4, or 6 on the basic application or for the continuation of Space 1 on any of the three Short Forms PA, TX, or VA.

**DO NOT WRITE ABOVE THIS LINE. FOR COPYRIGHT OFFICE USE ONLY**

---

**A**
Identification of Application

**IDENTIFICATION OF CONTINUATION SHEET:** This sheet is a continuation of the application for copyright registration on the basic form submitted for the following work:

- **TITLE:** (Give the title as given under the heading "Title of this Work" in Space 1 of the basic form.)

Photos of rooms grounds and amenities as appearing in:
Arizona Biltmore Packages 2001 brochure

- **NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S):** (Give the name and address of at least one copyright claimant as given in Space 4 of the basic form or Space 2 of any of the Short Forms PA, TX, or VA.)

Edward T Masterson 7434 Trade St San Diego CA 92121

---

**B**
Continuation of Space 2

**d**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼　　Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by the author in which copyright is claimed. ▼

**e**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼　　Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by the author in which copyright is claimed. ▼

**f**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼　　Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by the author in which copyright is claimed. ▼

---

Use the reverse side of this sheet if you need more space for continuation of Spaces 1, 4, or 6 of the basic form or for the continuation of Space 1 on any of the Short Forms PA, TX, or VA.

1. Page 1 (Front cover) - Photo of woman in pool merged with sunset on mountain range.
2. Pages 2-3 - Photo of fountain and mountain range at sunset
3. Pages 4-5 - Photo room setting with two beds with red pillow and checkered headboard.
4. Page 5 - Photo of suite with indian tapestery in left corner and three tan chairs.
5. Page 6 - Photo of woman in tub with white towel in hair and floral arrangement.
6. Page 7 - Photo of woman with white headband and fan brush
7. Page 8 - Photo of woman in pool with waterslide and palm trees in background
8. Page 9 - Photo of man and woman at dining table with outdoor fireplace in backgroun
9. Pages 10-11 - Photo golfer in red shirt against mountain with fountain in foreground
10. Page 11 - Photo golfer from rear in tan hat facing golf course.
11. Page 12 - Photo of lemon pattern plate with food and green sauce.
12. Page 13 - Photo of man and woman in blue shawl holding hands in wine cellar dining room.
13. Page 14 - Photo merge of two boys in pool one on others shoulders, pool slide at dark and golfer hitting shot in pink shirt.
14. Page 15 - Photo of 2 wine glasses filled with red and white wine in front of wine bottle.
15. Page 16 (back cover) - Photo of red mountain formation with golden grass in foreground and blue skies with white clouds.

| Certificate will be mailed in window envelope to this address: | Name ▼ | Edward T. Masterson |
| | Number/Street/Apt ▼ | 7434 Trade St. |
| | City/State/ZIP ▼ | San Diego, CA 92121 |

November 1999-30,000
WEB REV: June 1999    PRINTED ON RECYCLED PAPER    ☆U.S. GOVERNMENT PRINTING OFFICE:

# CERTIFICATE OF REGISTRATION



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

OFFICIAL SEAL

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE



VA 1-128-438

April 25 2002
Month   Day   Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

TITLE OF THIS WORK ▼
Photos of rooms, amenities & grounds
Arizona Biltmore Rack Brochure

NATURE OF THIS WORK ▼ See Instructions
Photographs

PREVIOUS OR ALTERNATIVE TITLES ▼

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼
Arizona Biltmore Rack Brochure

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

NAME OF AUTHOR ▼
Edward Masterson

DATES OF BIRTH AND DEATH
Year Born ▼ 1944    Year Died ▼

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

Author's Nationality or Domicile
Name of Country
OR Citizen of ▶ USA
Domiciled in ▶

Was this Author's Contribution to the Work
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☒ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

Author's Nationality or Domicile
Name of Country
OR Citizen of ▶
Domiciled in ▶

Was This Author's Contribution to the Work
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work

---

**3**

Year in Which Creation of This Work Was Completed
2000
◄ Year in all cases.

This information must be given

Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month ▶ JAN Day ▶ 1 Year ▶ 2000
USA
◄ Nation

---

**4**

See instructions before completing this space

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Edward Masterson
7434 Trade St.
San Diego CA 92121

APPLICATION RECEIVED
APR 23 2002
ONE DEPOSIT RECEIVED
APR 23 2002
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

Transfer If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions.    • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 4 pages

EXAMINED BY CK     **FORM VA**

CHECKED BY

☐ CORRESPONDENCE
Yes

**FOR
COPYRIGHT
OFFICE
USE
ONLY**

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼     **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Photographs appearing which are listed on continuation sheet 6B

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** ▼     **Account Number** ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Edward Masterson
7434 Trade St.
San Diego CA 92121

Area code and daytime telephone number ▶ 858. 271-9940     Fax number ▶ 858. 271-9969

Email ▶ emasterson@mastersoncreative.com

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of_____
     Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Edward Masterson     Date ▶ 4/23/02

Handwritten signature (X) ▼



**9**

Certificate
will be
mailed in
window
envelope
to this
address:

**Name** ▼

Edward Masterson

**Number/Street/Apt** ▼

7434 Trade St.

**City/State/ZIP** ▼

San Diego CA 92121

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

*As of July 1, 1999,
the filing fee for
Form VA is $30.*

**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—100,000
WEB REV: June 1999

⊛ PRINTED ON RECYCLED PAPER

✩U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/71

# CONTINUATION SHEET
# FOR APPLICATION FORMS

- This Continuation Sheet is used in conjunction with Forms CA, PA, SE, SR, TX, and VA, only. Indicate which basic form you are continuing in the space in the upper right-hand corner.
- If at all possible, try to fit the information called for into the spaces provided on the basic form.
- If you do not have enough space for all the information you need to give on the basic form, use this Continuation Sheet and submit it with the basic form.
- If you submit this Continuation Sheet, clip (do not tape or staple) it to the basic form and fold the two together before submitting them.
- Space A of this sheet is intended to identify the basic application.
  Space B is a continuation of Space 2 on the basic application. Space B is not applicable to Short forms.
  Space C (on the reverse side of this sheet) is for the continuation of Spaces 1, 4, or 6 on the basic application or for the continuation of Space 1 on any of the three Short Forms PA, TX, or VA.

FORM **VA** /CON
UNITED STATES COPYRIGHT OFFICE

R'

**VA 1-128-438**

EFFECTIVE DATE OF REGISTRATION

_April 25 2002_

(Month)    (Day)    (Year)

CONTINUATION SHEET RECEIVED

_Apr 25 2002_

Page _2_ of _4_ pages

DO NOT WRITE ABOVE THIS LINE. FOR COPYRIGHT OFFICE USE ONLY

**A**
Identification of Application

IDENTIFICATION OF CONTINUATION SHEET: This sheet is a continuation of the application for copyright registration on the basic form submitted for the following work:
- TITLE: (Give the title as given under the heading "Title of this Work" in Space 1 of the basic form.)
  _Photos of rooms, guards and amenities as appearing in Arizona Biltmore Rack Brochure_
- NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S) : (Give the name and address of at least one copyright claimant as given in Space 4 of the basic form or Space 2 of any of the Short Forms PA, TX, or VA.)
  _Edward Masterson 7434 Trade St. San Diego CA 98101_

**B**
Continuation of Space 2

**d**

| NAME OF AUTHOR ▼ | DATES OF BIRTH AND DEATH |
| --- | --- |
| | Year Born▼    Year Died▼ |

| Was this contribution to the work a "work made for hire"? | AUTHOR'S NATIONALITY OR DOMICILE Name of Country | WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK |
| --- | --- | --- |
| Yes No | OR { Citizen of ▶ _____ Domiciled in ▶ _____ | Anonymous?    Yes    No    If the answer to either of these questions is "Yes," see detailed instructions. Pseudonymous?    Yes    No |

NATURE OF AUTHORSHIP Briefly describe nature of the material created by the author in which copyright is claimed. ▼

**e**

| NAME OF AUTHOR ▼ | DATES OF BIRTH AND DEATH |
| --- | --- |
| | Year Born▼    Year Died▼ |

| Was this contribution to the work a "work made for hire"? | AUTHOR'S NATIONALITY OR DOMICILE Name of Country | WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK |
| --- | --- | --- |
| Yes No | OR { Citizen of ▶ _____ Domiciled in ▶ _____ | Anonymous?    Yes    No    If the answer to either of these questions is "Yes," see detailed instructions. Pseudonymous?    Yes    No |

NATURE OF AUTHORSHIP Briefly describe nature of the material created by the author in which copyright is claimed. ▼

**f**

| NAME OF AUTHOR ▼ | DATES OF BIRTH AND DEATH |
| --- | --- |
| | Year Born▼    Year Died▼ |

| Was this contribution to the work a "work made for hire"? | AUTHOR'S NATIONALITY OR DOMICILE · Name of Country | WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK |
| --- | --- | --- |
| Yes No | OR { Citizen of ▶ _____ Domiciled in ▶ _____ | Anonymous?    Yes    No    If the answer to either of these questions is "Yes," see detailed instructions. Pseudonymous?    Yes    No |

NATURE OF AUTHORSHIP Briefly describe nature of the material created by the author in which copyright is claimed. ▼

*Use the reverse side of this sheet if you need more space for continuation of Spaces 1, 4, or 6 of the basic form or for the continuation of Space 1 on any of the Short Forms PA, TX, or VA.*

CONTINUATION OF (Check which):   ☐ Space 1   ☐ Space 4   ☑ Space 6

**C**
Continuation
of other
Spaces

1. Page 1 (inside front cover) Photo of lobby with 4 tan chairs and red flowers on side tables.

2. Page 1 Photo of green brick wall with illuminated water fountain at base

3. Page 2 Photo of brown urn in foreground and couple on couch in background

4. Page 3 Photo of multicolored stained glass art

5. Page 5 Photo of red meat in white dish with brown sauce and mushrooms

6. Page 8 Photo of man lying face down on white table and hand on back

7. Page 9 Photo of wall mural of indian squaw pouring water

8. Page 10 Photo of young boy playing croquet with red ball and multicolored whicket in foreground.

9. Page 12 Photo of couple in tennis outfits holding water glasses

10. Page 13 (Back cover) Photo of lawn chairs and large set of chess figures.

Certificate will be mailed in window envelope to this address:

Name ▼
Edward Masterson

Number/Street/Apt ▼
7434 Trade St

City/State/ZIP ▼
San Diego CA 92121

**YOU MUST:**
• Complete all necessary spaces
• Sign your application

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable fee in check or money order payable to Register of Copyrights
3. Deposit Material

**MAIL TO:**
Library of Congress, Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

**D**

Fees are effective through June 30, 2002. After that date, check the Copyright Office Website at www.loc.gov/copyright or call (202) 707-3000 for current fee information.

November 1999-30,000
WEB REV: June 1999      Ⓟ PRINTED ON RECYCLED PAPER          ⒼU.S. GOVERNMENT PRINTING OFFICE: 2000-461-113/78

# CERTIFICATE OF REGISTRATION



**UNITED STATES COPYRIGHT OFFICE** · **THE LIBRARY OF CONGRESS**

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
*United States of America*

**FORM VA** 
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-128-432**

*April 25    2002*
Month    Day    Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

## 1

**TITLE OF THIS WORK ▼**   *Photos of rooms, amenities & grounds Jewel of the Desert Conference Brochure*

Arizona Biltmore

**NATURE OF THIS WORK ▼** See Instructions   *Photographs*

**PREVIOUS OR ALTERNATIVE TITLES ▼**

Publication as a Contribution If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**   *Arizona Biltmore Jewel of the desert Conference Brochure*

If published in a periodical or serial give:  **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

## 2

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**a** **NAME OF AUTHOR ▼**   *Edward Masterson*

**DATES OF BIRTH AND DEATH**
Year Born ▼ *1944*    Year Died ▼

Was this contribution to the work a "work made for hire"?  ☐ Yes  ☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ *USA*
{ Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?  ☐ Yes  ☑ No
Pseudonymous?  ☐ Yes  ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture  ☐ Map  ☐ Technical drawing
☐ 2-Dimensional artwork  ☑ Photograph  ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work

**b** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?  ☐ Yes  ☑ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture  ☐ Map  ☐ Technical drawing
☐ 2-Dimensional artwork  ☑ Photograph  ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work

## 3

**a** **Year in Which Creation of This Work Was Completed** *2000* ◀ Year In all cases.    This information must be given

**b** **Date and Nation of First Publication of This Particular Work** Complete this information ONLY if this work has been published.    Month ▶ *May*  Day ▶ *18*  Year ▶ *2000*    Nation *USA*

## 4

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
*Edward Masterson*
*7434 Trade st.*
*San Diego CA 92121*

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**APPLICATION RECEIVED**
APR 25 2002
**ONE DEPOSIT RECEIVED**
APR 25 2002
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 8 pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
☐ Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☐ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

a

See instructions
before completing
this space.

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Photos appearing which are listed on continuation sheet 6B

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼                                    Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Edward Masterson
7434 Trade St.
San Diego CA 92124

Area code and daytime telephone number ► (858) 271-9140        Fax number ► (858) 271-9969

Email ► cmasterson@mastersoncreative.com

b

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

check only one ► ☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
  Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Edward Masterson                                    Date ► 4/23/02

Handwritten signature (X) ▼

X

**8**

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Edward T Masterson

Number/Street/Apt ▼
7434 Trade St

City/State/ZIP ▼
San Diego CA 92121

**9**

• YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

As of July 1, 1999,
the filing fee for
Form VA is $30.

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—100,000
WEB REV: June 1999

☺ PRINTED ON RECYCLED PAPER    ☆U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/71

# CONTINUATION SHEET
# FOR APPLICATION FORMS

- This Continuation Sheet is used in conjunction with Forms CA, PA, SE, SR, TX, and VA, only. Indicate which basic form you are continuing in the space in the upper right-hand corner.
- If at all possible, try to fit the information called for into the spaces provided on the basic form.
- If you do not have enough space for all the information you need to give on the basic form, use this Continuation Sheet and submit it with the basic form.
- If you submit this Continuation Sheet, clip (do not tape or staple) it to the basic form and fold the two together before submitting them.
- Space A of this sheet is intended to identify the basic application.
- Space B is a continuation of Space 2 on the basic application. Space B is not applicable to Short forms.
- Space C (on the reverse side of this sheet) is for the continuation of Spaces 1, 4, or 6 on the basic application or for the continuation of Space 1 on any of the three Short Forms PA, TX, or VA.

☑ FORM _VA_ /CON
UNITED STATES COPYRIGHT OFFICE

VA 1-128-432

EFFECTIVE DATE OF REGISTRATION

_Apr.l 25 2002_
(Month)        (Day)        (Year)

CONTINUATION SHEET RECEIVED
APR 25 2002

Page _3_ of _8_ pages

DO NOT WRITE ABOVE THIS LINE. FOR COPYRIGHT OFFICE USE ONLY

**A**
Identification
of
Application

IDENTIFICATION OF CONTINUATION SHEET: This sheet is a continuation of the application for copyright registration on the basic form submitted for the following work:
- TITLE: (Give the title as given under the heading "Title of this Work" in Space 1 of the basic form.)

_Arizona Biltmore Jewel of the Desert Conference Brochure_

- NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S): (Give the name and address of at least one copyright claimant as given in Space 4 of the basic form or Space 2 of any of the Short Forms PA, TX, or VA.)

_Edward Masterson 7434 Trade St. San Diego CA 92121_

**B**
Continuation
of Space 2

**d**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born▼        Year Died▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? [ ] Yes [ ] No
Pseudonymous? [ ] Yes [ ] No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by the author in which copyright is claimed. ▼

**e**

NAME OF AUTHOR ▼ .

DATES OF BIRTH AND DEATH
Year Born▼        Year Died▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[ ] No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? [ ] Yes [ ] No
Pseudonymous? [ ] Yes [ ] No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by the author in which copyright is claimed. ▼

**f**

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born▼        Year Died▼

Was this contribution to the work a "work made for hire"?
[ ] Yes
[✗] No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _USA_
Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? [ ] Yes [✗] No
Pseudonymous? [ ] Yes [✗] No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of the material created by the author in which copyright is claimed. ▼

*Use the reverse side of this sheet if you need more space for continuation of Spaces 1, 4, or 6 of the basic form or for the continuation of Space 1 on any of the Short Forms PA, TX, or VA.*

CONTINUATION OF (Check which):    [ ] Space 1    [ ] Space 4    [✗] Space 6

**C**

Continuation
of other
Spaces

1. Page 2 (inside front cover) Photo of geometric pattern
in concrete wall

2. Page 2 Photo of statue with building in background

3. Page 2-3 Photo of building at dusk with the word
Biltmore to cut out of shrubs in front of flag poles

4. Page 4 Photo of rattan chairs with red flowers
in foreground

5. Page 6 Photo of fountain with two rows of jets and building
with red shrub in background.

1 Page 6 Photo of woman in yellow shorts standing next to man in
white adirondack chairs on lawn

7. Page 6 Photo of face of statue with arms folded across chest

8. Page 8 Photo of couple in white bath robes with coffee table
full of food.

9. Page 10 Photo of pool lit at dusk with palm trees and building
in background

10 Page 10 Photo of small boy in red shorts going down waterslide

11 Page 10 Photo of pool with red flowers in foreground

12 Page 12 Photo of golfer in pink shirt

---

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Edward Masterson

Number/Street/Apt ▼
7434 Trade St.

City/State/ZIP ▼
San Diego    CA 92121

**YOU MUST:**
• Complete all necessary spaces
• Sign your application

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable fee in check or
money order payable to Register of
Copyrights
3. Deposit Material

**MAIL TO:**
Library of Congress, Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

**D**

Fees are effective
through June 30,
2002. After that date,
check the Copyright
Office's Website at
www.loc.gov/copyright
or call (202)
707-3000 for current
fee information.

November 1999—30,000
WEB REV: June 1999    ♻ PRINTED ON RECYCLED PAPER    ☆U.S. GOVERNMENT PRINTING OFFICE: 2000-461-113/76

# CERTIFICATE OF REGISTRATION



**OFFICIAL SEAL**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-128-437



April 25 2002
Month   Day   Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

**TITLE OF THIS WORK ▼**
Photos of rooms and wines & giards
Arizona Biltmore Spa Brochure

**NATURE OF THIS WORK ▼** See instructions
Photographs

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**
Arizona Biltmore Spa Brochure
If published in a periodical or serial give:   **Volume ▼**   **Number ▼**   **Issue Date ▼**   **On Pages ▼**

---

**2**

**NAME OF AUTHOR ▼**
Edward Masterson

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1944   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶ USA
     Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Check appropriate boxes). See instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☒ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous?   ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate boxes). See instructions
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work

---

**3**

**a** Year In Which Creation of This Work Was Completed
2000
◀ Year   in all cases.

This Information must be given

**b** Date and Nation of First Publication of This Particular Work
Complete this information ONLY if this work has been published.
Month ▶ Jan   Day ▶ 26   Year ▶ 2000
Nation ▶ USA

---

**4**

See instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Edward Masterson
7434 Trade St.
San Diego CA 92121

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
APR 25 2002
ONE DEPOSIT RECEIVED
APR 25 2002
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 4 pages

EXAMINED BY                                      FORM VA

CHECKED BY

☐ CORRESPONDENCE                        FOR
   Yes                                  COPYRIGHT
                                        OFFICE
                                        USE
                                        ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

See instructions
before completing
this space

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Photos appearing which are listed on Continuation sheet
1cB

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                     Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

Edward Masterson
7434 Trade St.
San Diego    CA  92121
Area code and daytime telephone number ▶ (858) 271-9940         Fax number ▶ (858) 271-9969

b

Email▶ emasterson@mastersoncreative.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
check only one ▶
☑ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
                        Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Edward Masterson                                      Date▶ 4/23/02

Handwritten signature (X) ▼

**9**

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Edward Masterson
Number/Street/Apt ▼
7434 Trade St
City/State/ZIP ▼
San Diego  CA  92121

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8
**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material
**MAIL TO:**
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

June 1999—100,000
WEB REV: June 1999          ♻ PRINTED ON RECYCLED PAPER          ☆U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/71

# CONTINUATION SHEET
# FOR APPLICATION FORMS

- This Continuation Sheet is used in conjunction with Forms CA, PA, SE, SR, TX, and VA, only. Indicate which basic form you are continuing in the space in the upper right-hand corner.
- If at all possible, try to fit the information called for into the spaces provided on the basic form.
- If you do not have enough space for all the information you need to give on the basic form, use this Continuation Sheet and submit it with the basic form.
- If you submit this Continuation Sheet, clip (do not tape or staple) it to the basic form and fold the two together before submitting them.
- Space A of this sheet is intended to identify the basic application.
  Space B is a continuation of Space 2 on the basic application. Space B is not applicable to Short forms.
  Space C (on the reverse side of this sheet) is for the continuation of Spaces 1, 4, or 6 on the basic application or for the continuation of Space 1 on any of the three Short Forms PA, TX, or VA.

**FORM** VA /CON
UNITED STATES COPYRIGHT OFFICE

VA 1-128-437

EFFECTIVE DATE OF REGISTRATION

_April 25 2002_
(Month)  (Day)  (Year)

CONTINUATION SHEET RECEIVED

_April 25 2002_

Page ___2___ of ___4___ pages

DO NOT WRITE ABOVE THIS LINE. FOR COPYRIGHT OFFICE USE ONLY

---

**A**
Identification of Application

**IDENTIFICATION OF CONTINUATION SHEET:** This sheet is a continuation of the application for copyright registration on the basic form submitted for the following work:

- **TITLE:** (Give the title as given under the heading "Title of this Work" in Space 1 of the basic form.)

  _Arizona Biltmore Spa Brochure_

- **NAME(S) AND ADDRESS(ES) OF COPYRIGHT CLAIMANT(S):** (Give the name and address of at least one copyright claimant as given in Space 4 of the basic form or Space 2 of any of the Short Forms PA, TX, or VA.)

  _Edward Masterson 7434 Trade St. San Diego CA 92121_

---

**B**
Continuation of Space 2

**d** ~~Edward Ma~~

| NAME OF AUTHOR ▼ | | DATES OF BIRTH AND DEATH<br>Year Born ▼   Year Died ▼ |
|---|---|---|

| Was this contribution to the work a "work made for hire"? | AUTHOR'S NATIONALITY OR DOMICILE<br>Name of Country | WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK |
|---|---|---|
| Yes<br>No | OR { Citizen of ▶ _____<br>Domiciled in ▶ _____ | Anonymous?   Yes   No<br>Pseudonymous?   Yes   No | If the answer to either of these questions is "Yes," see detailed instructions. |

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by the author in which copyright is claimed. ▼

---

**e**

| NAME OF AUTHOR ▼ | | DATES OF BIRTH AND DEATH<br>Year Born ▼   Year Died ▼ |
|---|---|---|

| Was this contribution to the work a "work made for hire"? | AUTHOR'S NATIONALITY OR DOMICILE<br>Name of Country | WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK |
|---|---|---|
| Yes<br>No | OR { Citizen of ▶ _____<br>Domiciled in ▶ _____ | Anonymous?   Yes   No<br>Pseudonymous?   Yes   No | If the answer to either of these questions is "Yes," see detailed instructions. |

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by the author in which copyright is claimed. ▼

---

**f**

| NAME OF AUTHOR ▼ | | DATES OF BIRTH AND DEATH<br>Year Born ▼   Year Died ▼ |
|---|---|---|

| Was this contribution to the work a "work made for hire"? | AUTHOR'S NATIONALITY OR DOMICILE<br>Name of Country | WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK |
|---|---|---|
| Yes<br>No | OR { Citizen of ▶ _____<br>Domiciled in ▶ _____ | Anonymous?   Yes   No<br>Pseudonymous?   Yes   No | If the answer to either of these questions is "Yes," see detailed instructions. |

**NATURE OF AUTHORSHIP** Briefly describe nature of the material created by the author in which copyright is claimed. ▼

---

*Use the reverse side of this sheet if you need more space for continuation of Spaces 1, 4, or 6 of the basic form or for the continuation of Space 1 on any of the Short Forms PA, TX, or VA.*

CONTINUATION OF (Check which):    [ ] Space 1    [ ] Space 4    [✓] Space 6

**C**

Continuation
of other
Spaces

1. Page 3 Photo of woman from behind holding black stone in left hand

2. Page 6 Photo of man in hot tub with arms draped over edge

3. Page 8 Photo of mans hands holding female knee

4. Page 9 photo of woman from behind with green mud body mask

5. Page 10-11 Photo of womans head emerging from water

6. Page 13 Photo of man in white robe smiling and looking down

7. Page 14 Photo of woman in red bathing suit under waterfall

8. Page 16 Photo of beauty salon with wood floor & black chairs

9. Page 17 Photo of woman getting facial in white turban

10. Page 19 Photo of man receiving outdoor massage.

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼  Edward Masterson

Number/Street/Apt ▼  7434 Trade St.

City/State/ZIP ▼  San Diego CA 92121

**D**

YOU MUST:
• Complete all necessary spaces
• Sign your application

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable fee in check or
money order payable to Register
of Copyrights
3. Deposit Material

MAIL TO:
Library of Congress, Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

November 1999-30,000
WEB REV: June 1999    Ⓟ PRINTED ON RECYCLED PAPER    ☆ U.S GOVERNMENT PRINTING OFFICE: 2000-461-113/76

EXHIBIT 11



1 | Grant G. Teeple, Esq. (SB #144760)
Stephanie Chmura, Esq. (SB #220090)
2 | GAGE TEEPLE, LLP
9255 Towne Centre Drive, Suite 500
3 | San Diego, CA 92121
Telephone: (858) 622-7878
4 | Facsimile: (858) 622-0411

5 | Attorneys for Plaintiff

6

7

8 | U. S. DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10

| 11 | MASTERSON MARKETING, INC. a California Corporation, | ) | CASE NO: 02 CV 02028 K (LAB) |
| | | ) | Judge: Honorable Judith Keeps |
| 12 | Plaintiffs, | ) | **DECLARATION OF ED MASTERSON IN** |
| 13 | | ) | **SUPPORT OF PLAINTIFF'S OPPOSITION** |
| | | ) | **TO DEFENDANTS MOTION TO DISMISS** |
| 14 | vs. | ) | **THE FIRST, SIXTH, AND SEVENTH** |
| | | ) | **CAUSES OF ACTION OF THE SECOND** |
| 15 | KSL RECREATION CORPORATION, a | ) | **AMENDED COMPLAINT** |
| 16 | Delaware Corporation; KSL BILTMORE RESORT, INC.; HOTEL DISCOUNTS, L.P.; | ) | Date: June 9, 2003 |
| 17 | HOTEL RESERVATIONS NETWORK; ACE INTERNET SERVICES LTD.; ASSOCIATED | ) | Time: 11:00 a.m. |
| 18 | LUXURY HOTELS; AMERICAN EXPRESS COMPANY; AMERICAS TRAVEL | ) | Judge: Honorable Judith N. Keep |
| 19 | NETWORK; AMERICA WEST VACATIONS; ANY HOTEL ANYWHERE; | ) | |
| 20 | JOBING.COM; ARIZONA PLANNER; TRAVEL GOLF WEST; AZ4GOLF.COM; | ) | |
| 21 | BEST HOTEL RESORTS; WORLD RES, INC.; CARLSON LEISURE GROUP; | ) | |
| 22 | CLASSIC CUSTOM VACATIONS; CLICKCITY.COM, INC.; CREATIVE | ) | |
| 23 | LEISURE INTERNATIONAL; DISCOUNT GOLF VACATIONS AND PACKAGES; | ) | |
| 24 | EPINIONS; EXPEDIA; FARES R US; FINEST GOLF RESORTS; GROOVY | ) | |
| 25 | TRAVEL; HELLO USA; HOTELS ONLINE; THE TRAVEL COMPANY CORPORATION; | ) | |
| 26 | AFFLUENT TARGET MARKETING, INC., NOTA BENE PUBLISHING, LTD.; ORBITZ | ) | |
| 27 | INC.; PHOENIX FINE DINING GROUP; INTERACTIVE SITES, INC.; QUIKBOOK, | ) | |
| 28 | INC.; RENEGADE GOLF; INTERNET PUBLISHING CORPORATION; ABSOLUTE ENGINE, LLC; OPEN WORLD LIMITED; | ) | |

-1-

SALON CITY PRESS; SPA FINDER TRAVEL ARRANGEMENTS, LTD.; AUTOMATIT, INC.; SPRING TRAINING TOURS; GOLFSWITCH; SUNFINDER VACATIONS; THE GOLF NETWORK; TRIP ADVISOR; USA TODAY; WEBTOURIST NETWORK AG; GARNETT COMPANY, INC.; and DOES 1 through 1000, inclusive,

Defendants.

I, Ed Masterson, do hereby declare:

1.     I am the owner, sole shareholder, and employee of Masterson Marketing, Inc. and have been for approximately nine (9) years.

2.     I make this declaration based upon my personal knowledge and, if called upon as a witness, I could and would testify competently to the contents of this declaration.

3.     As an employee of Masterson Marketing, Inc., I have created and authored numerous photographs, images, and materials. Some of these photographs and images are registered copyrights, in full compliance with the copyright laws of the United States. Specifically, the materials that are the subject of this litigation, including without limitation, are registered in the United States Copyright Office as Registration Nos. VA 1-114-173, VA 1-1-128-438, VA 1-128-432, VA 1-128-433 and VA 1-128-437. (See attached copyright notices w/ identification numbers)

4.     As the creator and author of the subject copyrights in this action, it has always been my intention to assign the subject copyrights to Masterson Marketing, Inc. so that the copyrights become the property of the corporation at the date of their creation.

5.     I memorialized my intention to assign ownership of the copyrights to Masterson Marketing, Inc. (See Attached Exhibit)

6.     It has always been my understanding that ownership of the subject copyrights in this action are the property of Masterson Marketing, Inc.

I declare under the penalty of perjury, under the laws of the State of California, that the

-2-

1    foregoing is true and correct.

2    Dated:                                    By: _____
                                              Ed Masterson, Declarant
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Ed Masterson in Support of Opposition to Motion to Dismiss    Case No. 02 CV 02028 K (LAB)

1    foregoing is true and correct.

2    Dated:                              By:

3                                      Ed Masterson, Declarant

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

…gg (esp.), LLP<br>9255 Towne Centre Drive, Suite 500<br>San Diego, CA 92121

-3-

EXHIBIT _12_

## ASSIGNMENT OF COPYRIGHT OWNERSHIP

I, Ed Masterson, unambiguously assign and transfer any copyrights in any work I have created since 1994 to Masterson Marketing, Inc. This assignment confirms my prior and current intention to assign all copyrights to the corporation, Masterson Marketing, Inc., at the time of their creation.

Ed Masterson

## PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF SAN DIEGO

I, Stephanie Chmura, am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to this action. My business address is 9255 Towne Centre Drive, Suite 500, San Diego, California 92121-3038. I am readily familiar with the business practices of GAGE TEEPLE, LLP, for collection and processing of correspondence for mailing with United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day as it is placed for collection in the ordinary course of business at the address listed.

    1.    THIRD AMENDED COMPLAINT.
    2.    PROOF OF SERVICE BY MAIL.

on the interested parties to this action by placing true copies as follows:

SEE ATTACHED SERVICE LIST

    x        BY U.S. MAIL: I caused such envelope with postage thereon fully prepaid to be placed in the Unites States Mail at San Diego, CA.

    _____    BY PERSONAL SERVICE; I caused such envelope to be delivered by hand by an agent of CORPORATE COURIER to the office of the addressee as indicated above.

    _____    BY FACSIMILE: I served true and correct copies by facsimile to the parties listed above. Said transmissions were reported complete and without error.
                FACSIMILE NUMBER:               TIME:

    _____    VIA FEDERAL EXPRESS: I served a true and correct copy enclosed in a sealed Federal Express envelope/package marked for next day delivery and caused such envelope to be deposited by an agent of CORPORATE COURIER in a Federal Express depository.

I declare under penalty of perjury, according to the laws of the State of California, that the foregoing is true and correct. Executed on July 11, 2003 at San Diego, California.

Stephanie Chmura

| | |
|---|---|
| Harold W. Hopp, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>45-025 Manitou Drive, Suite 8<br>Indian Wells, CA  92210 | Hello USA<br>Michael Rhodes<br>4401 Eastgate Mall<br>San Diego, CA 92121 |
| James Seegars<br>255 South Orange Ave<br>Orlando, FL 32802 | Jeremy M. Singer, Esq.<br>Richard I. Singer Law Offices, A.P.C.<br>1629 Columbia Street<br>San Diego, CA  92101 |
| AZ4Golf.com<br>7702 E. Doubletree Ranch Rd. #300<br>Scottsdale, AZ 85454 | Susan Crane/Edward Silver, V. President of Operations<br>Internetwork Publishing Corporation<br>5455 N. Federal Hwy. Suite O<br>Boca Raton, FL 33487 |
| The Golf Network<br>1411 Highway 35 N.<br>Ocean, NJ | Laura A. Wytsma<br>Quickbook, Inc.<br>Sonnenschein Nath and Rosenthal<br>601 South Figueroa Street, Suite 1500<br>Los Angeles, CA 90017 |
| Frank van Putten, President<br>Spa Finder Travel Arrangements LTD<br>91 Fifth Avenue<br>New York, NY 10003 | Todd Dole<br>Renegade Golf<br>1440 Vega Circle, Unit 2<br>Idaho Falls, ID 83402 |
| David C. Scheper<br>Orbitz, Inc.<br>Winston and Winston<br>333 South Grand Ave Suite 3800<br>Los Angeles, CA 90071-1543 | H. Ray Peffer<br>Spring Training Tours, Inc.<br>Two Annabel Lane Suite 200<br>San Ramon, CA 94583 |
| Affluent Target Marketing, Inc.<br>Harry V. McGahey<br>1532 Sixth Ave<br>San Diego, CA 92101<br>1139 S. Placentia Ave. | Robin Lampear<br>Interactive Sites, Inc.<br>14988 N. 78th Way #220<br>Scottsdale, AZ 875260 |
| Allen Dunaway<br>Jobing.com<br>3550 N. Central Ave #910<br>Phoenix, AZ 85012 | Deborah Barak<br>Strook<br>2029 Century Park E #1800<br>Los Angeles, CA 90067 |
| Helaine/John Metcalf, President and CEO<br>Associated Luxury Hotels<br>1000 Connecticut Ave, NW Suite 603<br>Washington, DC 20036 | Joanne Wick, Customer Service Coordinator<br>Creative Leisure International<br>951 Transport Way<br>Petaluma, CA 94954-1474 |
| Discount Golf Vacation and Packages<br>Kurt Noer/ HJN Marketing<br>611 Lynnhaven Parkway, Suite 100<br>Virginia Beach, VA 23453 | |