















CAG   7/28/03   14:26
3:02-CV-02028   MASTERSON MARKETING V. KSL RECREATION CORP
*76*
*ANS.*

FILED

03 JUL 28 AM 10: 16

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  DAVID C. SCHEPER (SBN:120174)
   DIANN H. KIM (SBN:118742)
2  KATHRYN E. WHITE (SBN: 205685)
   **WINSTON & STRAWN LLP**
3  333 South Grand Avenue, Suite 3800
   Los Angeles, CA 90071-1543
4  Telephone: 213-615-1700
   Facsimile: 213-615-1750
5
   Attorneys for Defendant
6  ORBITZ, INC.

7              **UNITED STATES DISTRICT COURT**

8              **SOUTHERN DISTRICT OF CALIFORNIA**

9  MASTERSON MARKETING, INC., a California      ) CASE NO.: 02CV 02028 K (LAB)
   corporation                                  ) Judge: Honorable Judith Keep
10                                              )
                      Plaintiff,                ) **ANSWER TO THIRD AMENDED**
11                                              ) **COMPLAINT FOR DAMAGES:**
          vs.                                    )
12                                              ) **1. COPYRIGHT INFRINGEMENT;**
   KSL RECREATION CORPORATION, a Delaware       ) **2. BREACH OF CONTRACTS;and**
   Corporation; KSL BILTMORE RESORT, INC.; HOTEL ) **3. DEMAND FOR JURY TRIAL**
13 DISCOUNTS, L.P.; HOTEL RESERVATIONS          )
   NETWORK; ASSOCIATED LUXURY HOTELS;           )
14 AMERICAN EXPRESS TRAVEL RELATED              )
   SERVICES COMPANY, INC.; AMERICAS TRAVEL      )
15 NETWORK; THE LEISURE COMPANY; ANY            )
   HOTEL ANYWHERE; JOBING.COM; TRAVEL           )
16 GOLF WEST; AZ4GOLF.COM; BEST HOTEL           )
   RESORTS; WORLD RES, INC.; CARLSON LEISURE    )
17 GROUP; CLASSIC CUSTOM VACATIONS;             )
   CLICKCITY.COM, INC., CREATIVE LEISURE        )
18 INTERNATIONAL; DISCOUNT GOLF VACATIONS       )
   AND PACKAGES; EPINIONS; EXPEDIA; GROOVY      )
19 TRAVEL; HELLO USA; HOTELS ONLINE; THE        )
   TRAVEL COMPANY CORPORATION; AFFLUENT         )
20 TARGET MARKETING, INC.; NOTA BENE·           )
   PUBLISHING, LTD.; ORBITZ INC.; INTERACTIVE   )
21 SITES, INC.; QUIKBOOK, INC.; RENEGADE GOLF;  )
   INTERNETWORK PUBLISHING CORPORATION;         )
22 ABSOLUTE ENGINE, LLC; SPA FINDER TRAVEL      )
   ARRANGEMENTS, LTD.; AUTOMATIT, INC.;         )
23 SPRING TRAINING TOURS; SUNFINDER             )
   VACATIONS; GANNETT COMPANY, INC.; and        )
24 DOES 1 through 1000, inclusive               )
                                                )
25                   Defendants.                )
                                                )
26                                              )
                                                )
27                                              )
                                                )
28

                                                **ORIGINAL**

ANSWER TO THIRD AMENDED COMPLAINT                    Case No. 02 CV 02028 K (LAB)

Comes now Defendant Orbitz, Inc. ("Orbitz") and answers Plaintiff Masterson Marketing, Inc.'s ("Plaintiff") Third Amended Complaint (the "Complaint") as follows:

## I.

## NATURE OF THE ACTION

**PARAGRAPH 1**

1.      Orbitz admits that Plaintiff purports to bring this lawsuit as an action for copyright infringement and breach of contract.  Orbitz denies all other averments and allegations in Paragraph 1 of the Complaint.

## II.

## JURISDICTION AND VENUE

**PARAGRAPH 2**

2.      This paragraph states a legal conclusion to which no response is required.  Otherwise, to the extent any response is required, Orbitz denies the allegations of Paragraph 2 of the Complaint.

**PARAGRAPH 3**

3.      This paragraph states a legal conclusion to which no response is required.  Otherwise, to the extent any response is required, Orbitz denies the allegations of Paragraph 3 of the Complaint.

**PARAGRAPH 4**

4.      This paragraph states a legal conclusion to which no response is required.  Otherwise, to the extent any response is required, Orbitz denies the allegations of Paragraph 4 of the Complaint.

**PARAGRAPH 5**

5.      This first sentence of this paragraph states a legal conclusion to which no response is required.  Orbitz is without knowledge sufficient to admit or deny the allegations in the second sentence of Paragraph 5 of the Complaint and therefore denies the allegation.  Orbitz is without knowledge sufficient to admit or deny the allegations in the third sentence of Paragraph 5 of the Complaint and therefore denies the allegation.  Orbitz is without knowledge sufficient to admit or deny the allegations in the fourth sentence of Paragraph 5 of the Complaint and therefore denies the allegation.  Orbitz is without knowledge sufficient to admit or deny the allegations in the fifth sentence of Paragraph 5 of the Complaint and therefore denies the allegation.  Orbitz is without

knowledge sufficient to admit or deny the allegations in the sixth sentence of Paragraph 5 of the Complaint and therefore denies the allegation.

## III.

## THE PARTIES

**PARAGRAPH 6**

     6.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 6 of the Complaint and therefore denies the allegations.

**PARAGRAPH 7**

     7.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of the Complaint and therefore denies the allegations.

**PARAGRAPH 8**

     8.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of the Complaint and therefore denies the allegations.

**PARAGRAPH 9**

     9.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies the allegations.

**PARAGRAPH 10**

     10.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 10 of the Complaint and therefore denies the allegations.

**PARAGRAPH 11**

     11.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint and therefore denies the allegations.

**PARAGRAPH 12**

     12.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies the allegations.

**PARAGRAPH 13**

     13.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Complaint and therefore denies the allegations.

**PARAGRAPH 14**

14.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies the allegations.

**PARAGRAPH 15**

15.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies the allegations.

**PARAGRAPH 16**

16.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Complaint and therefore denies the allegations.

**PARAGRAPH 17**

17.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Complaint and therefore denies the allegations.

**PARAGRAPH 18**

18.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint and therefore denies the allegations.

**PARAGRAPH 19**

19.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint and therefore denies the allegations.

**PARAGRAPH 20**

20.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint and therefore denies the allegations.

**PARAGRAPH 21**

21.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 21 of the Complaint and therefore denies the allegations.

**PARAGRAPH 22**

22.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of the Complaint and therefore denies the allegations.

4

**PARAGRAPH 23**

23.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies the allegations.

**PARAGRAPH 24**

24.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint and therefore denies the allegations.

**PARAGRAPH 25**

25.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 25 of the Complaint and therefore denies the allegations.

**PARAGRAPH 26**

26.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 26 of the Complaint and therefore denies the allegations.

**PARAGRAPH 27**

27.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 27 of the Complaint and therefore denies the allegations.

**PARAGRAPH 28**

28.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint and therefore denies the allegations.

**PARAGRAPH 29**

29.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Complaint and therefore denies the allegations.

**PARAGRAPH 30**

30.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 30 of the Complaint and therefore denies the allegations.

**PARAGRAPH 31**

31.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 31 of the Complaint and therefore denies the allegations.

**PARAGRAPH 32**

32.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of the Complaint and therefore denies the allegations.

**PARAGRAPH 33**

33.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Complaint and therefore denies the allegations.

**PARAGRAPH 34**

34.     Orbitz admits that Orbitz is a business entity with its principal place of business at 200 S. Wacker Drive, Suite 1900, Chicago, Illinois 60606.

**PARAGRAPH 35**

35.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 35 of the Complaint and therefore denies the allegations.

**PARAGRAPH 36**

36.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 36 of the Complaint and therefore denies the allegations.

**PARAGRAPH 37**

37.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Complaint and therefore denies the allegations.

**PARAGRAPH 38**

38.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of the Complaint and therefore denies the allegations.

**PARAGRAPH 39**

39.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 39 of the Complaint and therefore denies the allegations.

**PARAGRAPH 40**

40.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 40 of the Complaint and therefore denies the allegations.

**PARAGRAPH 41**

41.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 41 of the Complaint and therefore denies the allegations.

**PARAGRAPH 42**

42.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 42 of the Complaint and therefore denies the allegations.

**PARAGRAPH 43**

43.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 43 of the Complaint and therefore denies the allegations.

**PARAGRAPH 44**

44.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 44 of the Complaint and therefore denies the allegations.

**PARAGRAPH 45**

45.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 45 of the Complaint and therefore denies the allegations.

**PARAGRAPH 46**

46.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 46 of the Complaint and therefore denies the allegations.

**PARAGRAPH 47**

47.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 47 of the Complaint and therefore denies the allegations.

**IV.**

**BACKGROUND**

**PARAGRAPH 48**

48.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in the first and second sentences of Paragraph 48 of the Complaint and therefore denies the allegations.  Orbitz admits that Plaintiff has attached as Exhibit 11 a document entitled "Declaration of Ed Masterson In Support of Plaintiff's Opposition to Defendants Motion to Dismiss the First,

7

1  Sixth, and Seventh Causes of Action of the Second Amended Complaint," but is without knowledge

2  or information sufficient to admit that the exhibit is what it is purported to be, or that the statements

3  contained therein are accurate.

4  **PARAGRAPH 49**

5       49.    Orbitz is without knowledge or information sufficient to admit or deny the allegations

6  in the first sentence of Paragraph 49 of the Complaint and therefore denies the allegations.  Orbitz

7  admits that Plaintiff has attached Exhibits 1 and 2 to the Complaint, but is without knowledge or

8  information sufficient to admit that the exhibits are what they are purported to be and therefore

9  denies that Exhibits 1 and 2 are true and correct copies of the Agency Agreements, dated August 5,

10  1999 and September 20, 2000, respectively.

11  **PARAGRAPH 50**

12       50.    Orbitz is without knowledge or information sufficient to admit or deny the allegations

13  in the first sentence of Paragraph 50 of the Complaint and therefore denies the allegations.  Orbitz is

14  without knowledge or information sufficient to admit or deny the allegations in the second sentence

15  of Paragraph 50 of the Complaint and therefore denies the allegations.  Orbitz admits that Plaintiff

16  has attached Exhibit 12 to the Complaint, but is without knowledge or information sufficient to

17  admit that the exhibit is what it is purported to be and therefore denies that Exhibit 12 is a true and

18  correct copy of "Assignment of Copyright Ownership."

19  **PARAGRAPH 51**

20       51.    Orbitz is without knowledge or information sufficient to admit or deny the allegations

21  in Paragraph 51 of the Complaint and therefore denies the allegations.  Orbitz admits that Plaintiff

22  has attached Exhibits 3, 4, 5, 6, 7, 8, and 9 to the Complaint, but is without knowledge or

23  information sufficient to admit that the exhibits are what they are purported to be and therefore

24  denies that Exhibits 3, 4, 5, 6, 7, 8, and 9 are true and correct copies of various individual licensing

25  agreements.

26  **PARAGRAPH 52**

27       52.    Orbitz is without knowledge or information sufficient to admit or deny the allegations

28  in Paragraph 52 of the Complaint and therefore denies the allegations.

**PARAGRAPH 53**

53.   Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 53 of the Complaint and therefore denies the allegations.

**PARAGRAPH 54**

54.   Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 54 of the Complaint and therefore denies the allegations.

**PARAGRAPH 55**

55.   Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 55 of the Complaint and therefore denies the allegations.

**PARAGRAPH 56**

56.   Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 56 of the Complaint and therefore denies the allegations.

**PARAGRAPH 57**

57.   Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 57 of the Complaint and therefore denies the allegations.

**PARAGRAPH 58**

58.   Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 58 of the Complaint and therefore denies the allegations.

**PARAGRAPH 59**

59.   Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 59 of the Complaint and therefore denies the allegations.

**PARAGRAPH 60**

60.   Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 60 of the Complaint and therefore denies the allegations.

**PARAGRAPH 61**

61.   Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 61 of the Complaint and therefore denies the allegations.

**PARAGRAPH 62**

    62.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 62 of the Complaint and therefore denies each and every allegation.

**PARAGRAPH 63**

    63.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 63 of the Complaint and therefore denies each and every allegation.

**PARAGRAPH 64**

    64.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 64 of the Complaint and therefore denies each and every allegation.

**PARAGRAPH 65**

    65.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 65 of the Complaint and therefore denies each and every allegation.

**PARAGRAPH 66**

    66.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 66 of the Complaint and therefore denies the allegations.

**PARAGRAPH 67**

    67.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 67 of the Complaint and therefore denies the allegations.

**V.**

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement, 17 U.S.C. § 101 et seq., Against All Defendants)**

**(Damages and Injunctive Relief)**

**PARAGRAPH 68**

    68.    Orbitz reasserts each and every answer to Paragraph 1 through 67 of this Complaint with the same force and effect as if fully set forth herein.

10

1  **PARAGRAPH 69**

2       69.    Orbitz is without knowledge or information sufficient to admit or deny the allegations

3  in Paragraph 69 of the Complaint and therefore denies the allegations.

4  **PARAGRAPH 70**

5       70.    Orbitz is without knowledge or information sufficient to admit or deny the allegations

6  in Paragraph 70 of the Complaint and therefore denies the allegations.

7  **PARAGRAPH 71**

8       71.    Orbitz is without knowledge or information sufficient to admit or deny the allegations

9  in Paragraph 71 of the Complaint and therefore denies the allegations. Orbitz admits that Plaintiff

10  has attached Exhibit 10 to the Complaint, but is without knowledge and information sufficient to

11  admit that the exhibit is purported to be and therefore denies that Exhibit 10 contains true and correct

12  copies of the Certificates of Registration listed in Paragraph 71.

13  **PARAGRAPH 72**

14       72.    Orbitz is without knowledge or information sufficient to admit or deny the allegations

15  in Paragraph 72 of the Complaint and therefore denies the allegations.

16  **PARAGRAPH 73**

17       73.    Orbitz specifically denies that it is in possession of any of Plaintiff's materials, that it

18  is using any of such materials, and that it has refused to return any such materials. Orbitz is without

19  knowledge or information sufficient to admit or deny the other allegations in Paragraph 73 of the

20  Complaint and therefore denies the other allegations.

21  **PARAGRAPH 74**

22       74.    Orbitz specifically denies that it has willfully infringed on Plaintiff's copyright(s),

23  that it will continue to do so unless enjoined, and that it is earning any profits and gains by infringing

24  Plaintiff's copyright(s). Orbitz is without knowledge or information sufficient to admit or deny the

25  other allegations in Paragraph 74 of the Complaint and therefore denies the other allegations.

26  **PARAGRAPH 75**

27       75.    Orbitz specifically denies that Plaintiff has been damaged in any respect as a direct

28  and proximate result of any actions by Orbitz. Orbitz is without knowledge or information sufficient

1   to admit or deny the other allegations in Paragraph 75 of the Complaint and therefore denies the

2   other allegations.

3   **PARAGRAPH 76**

4       76.     Orbitz specifically denies that it Plaintiff is entitled to any relief against Orbitz.

5   Orbitz is without knowledge or information sufficient to admit or deny the other allegations in

6   Paragraph 76 of the Complaint and therefore denies the other allegations.

7   **PARAGRAPH 77**

8       77.     Orbitz specifically denies that Plaintiff is entitled to recover any amount from Orbitz.

9   Orbitz is without knowledge or information sufficient to admit or deny the other allegations in

10  Paragraph 77 of the Complaint and therefore denies the allegations.

11  **PARAGRAPH 78**

12      78.     Orbitz specifically denies that any actions it allegedly took were intentional,

13  malicious, oppressive, fraudulent, willful, or egregious, or that Plaintiff is entitled to recover any

14  award of punitive damages against Orbitz.  Orbitz is without knowledge or information sufficient to

15  admit or deny the other allegations in Paragraph 78 of the Complaint and therefore denies the other

16  allegations.

17                     **SECOND CLAIM FOR RELIEF**

18              **(Breach of Contracts, Against Arizona Biltmore)**

19               **(Count One - Breach of License Agreements)**

20  **PARAGRAPH 79**

21      79.     Orbitz reasserts each and every answer to Paragraph 1 through 78 of this Complaint

22  with the same force and effect as if fully set forth herein.  Orbitz further notes that this Claim for

23  Relief has not been asserted against Orbitz.

24  **PARAGRAPH 80**

25      80.     Orbitz is without knowledge or information sufficient to admit or deny the allegations

26  in Paragraph 80 of the Complaint and therefore denies the allegations.  Orbitz further notes that this

27  Claim for Relief has not been asserted against Orbitz.

28

Case No. 02 CV 02028 K (LAB)

**PARAGRAPH 81**

81.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 81 of the Complaint and therefore denies the allegations.  Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

**PARAGRAPH 82**

82.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 82 of the Complaint and therefore denies the allegations.  Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

**PARAGRAPH 83**

83.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 83 of the Complaint and therefore denies the allegations.  Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

**PARAGRAPH 84**

84.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 84 of the Complaint and therefore denies the allegations.  Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

**PARAGRAPH 85**

85.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 85 of the Complaint and therefore denies the allegations.  Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

**PARAGRAPH 86**

86.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 86 of the Complaint and therefore denies each and every allegation in Paragraph 94. Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

**PARAGRAPH 87**

87.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 87 of the Complaint and therefore denies each and every allegation in Paragraph 87. Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

13

**PARAGRAPH 88**

88.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 96 of the Complaint and therefore denies the allegations.  Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

**PARAGRAPH 89**

89.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 89 of the Complaint and therefore denies the allegations.  Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

**(Count Two - Breach of the Agency Agreements)**

**PARAGRAPH 90**

90.     Orbitz reasserts each and every answer to Paragraph 1 through 89 of this Complaint with the same force and effect as if fully set forth herein.  Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

**PARAGRAPH 91**

91.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 91 of the Complaint and therefore denies the allegations.  Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

**PARAGRAPH 92**

92.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 92 of the Complaint and therefore denies the allegations.  Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

**PARAGRAPH 93**

93.     Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 93 of the Complaint and therefore denies the allegations.  Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

14

**PARAGRAPH 94**

94.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 94 of the Complaint and therefore denies the allegations.  Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

**PARAGRAPH 95**

95.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 95 of the Complaint and therefore denies the allegations in Paragraph 95.  Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

**PARAGRAPH 96**

96.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 96 of the Complaint and therefore denies each and every allegation in Paragraph 96. Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

**PARAGRAPH 97**

97.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 97 of the Complaint and therefore denies the allegations.  Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

**PARAGRAPH 98**

98.    Orbitz is without knowledge or information sufficient to admit or deny the allegations in Paragraph 98 of the Complaint and therefore denies the allegations.  Orbitz further notes that this Claim for Relief has not been asserted against Orbitz.

<strong>PRAYER</strong>

With respect to the Prayer for relief, Orbitz denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

<strong>AFFIRMATIVE DEFENSES</strong>

As for affirmative defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Orbitz alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

1.    The Complaint and the First Claim for Relief, the sole Claim for Relief asserted against Orbitz, fail to state facts sufficient to state a cause of action against Orbitz on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Estoppel)

2.    The Complaint and the First Claim for Relief, the sole Claim for Relief asserted against Orbitz, are barred as against Orbitz, in whole or in part, by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

#### (Waiver)

3.    The Complaint and the First Claim for Relief, the sole Claim for Relief asserted against Orbitz, are barred as against Orbitz, in whole or in part, by the equitable doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

4.    The Complaint and the First Claim for Relief, the sole Claim for Relief asserted against Orbitz, are barred as against Orbitz, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

#### (Laches)

5.    The Complaint and the First Claim for Relief, the sole Claim for Relief asserted against Orbitz, are barred as against Orbitz, in whole or in part, by the equitable doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

#### (Fair Use)

6.    The claims asserted in the sole First Claim for Relief asserted against Orbitz based on alleged copyright infringement under 17 U.S.C. §§ 101 *et seq.* are barred, in whole or in part, by the fair use doctrine.

16

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

7.     Plaintiff is barred from recovering the relief it seeks, in whole or in part, because Plaintiff failed to take all reasonable, necessary and appropriate action to mitigate any purported damages allegedly resulting from the acts or omissions of Orbitz as alleged in the Complaint and the sole First Claim for Relief asserted against Orbitz.

## EIGHTH AFFIRMATIVE DEFENSE

### (Other Defenses)

8.     To the extent not set forth herein, Orbitz reserves the right to assert additional defenses which may come to light as a result of discovery or other proceedings in this case.

WHEREFORE, Orbitz prays for judgment on Plaintiff's Complaint and the sole First Claim for Relief asserted against Orbitz as follows:

A.     That Plaintiff's request for injunctive relief, restitution, constructive trust, statutory damages, actual damages, attorneys' fees and costs, be denied with prejudice;

B.     That Plaintiff take nothing by its Complaint and the sole First Claim for Relief asserted against Orbitz, that said Complaint and Claim for Relief be dismissed with prejudice as against Orbitz, and that judgment be entered in favor of Orbitz on the Complaint and Claim for Relief;

C.     That Orbitz recover its attorneys' fees and costs of suit herein; and

D.     That the Court award such other and further relief as the Court deems just and proper.

Dated:  July 24, 2003

WINSTON & STRAWN LLP

By:  _____
ĐIANN H. KIM
Attorneys for Defendant
ORBITZ, INC.

17

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA      )
                           )   ss
3  COUNTY OF SAN DIEGO      )

4          I am a resident of the State of California, over the age of eighteen years, and not a
   party to the within action.  My business address is Winston & Strawn, 333 South Grand Avenue,
5  38th Floor, Los Angeles, California 90071.  On July 25, 2003, I served the within document:

6              ANSWER TO THIRD AMENDED COMPLAINT FOR DAMAGES

7  ☐   I sent such document from facsimile machine  on July 25, 2003.  I certify that said
       transmission was completed and that all pages were received and that a report was
8      generated by facsimile machine  which confirms said transmission and receipt.  I,
       thereafter, mailed a copy to the interested party(ies) in this action by placing a true
9      copy thereof enclosed in sealed envelop(s) addressed to the parties listed below.

10

11 **X**   by placing the document(s) listed above in a sealed envelope to be delivered via
         Federal Express,  addressed as set forth below.

12 ☐   by personally delivering the document(s) listed above to the person(s) at the
       address(es) set forth below.

13

14     **See Attached Service List**

15          I declare under penalty of perjury under the laws of the United States of America that
16 the above is true and correct.

17          Executed on July 25, 2003, at Los Angeles, California.

18

19                                             Fran Riveira

20

21

22

23

24

25

26

27

28

18

## Service List

| | | |
|---|---|---|
| James Kelley, President<br>Nota Bene Associates, Inc.<br>285 W. Broadway, Suite 460<br>New York, NY 10013 | Grant G. Teeple, Esq.<br>Gage Teeple, LLP<br>9255 Towne Centre Drive, Suite 500<br>San Diego, CA 92121 | Allen Dunaway<br>Jobing.com<br>3550 N. Central Ave, #910<br>Phoenix, AZ 85012 |
| Frank van Putten, President<br>Spa Finder Travel Arrangements LTD<br>91 Fifth Avenue<br>New York, NY 10003 | Kathleen H. Rowley<br>Asst. Gen'l Counsel & Dir. of Taxes<br>Hotels.com<br>8140 Walnut Hill Lane, Suite 800<br>Dallas, TX 75231 | J.D. Greif<br>Director of Operations<br>Hotels Online<br>P.O. Box 6811<br>Bridgewater, NJ 08807 |
| Edward Siller<br>Vice President of Operations<br>Internetwork Publishing Corp.<br>5455 N. Federal Hwy., Suite O<br>Boca Raton, FL 33487 | David G. Molinari, Esq.<br>Borton, Petrini & Connon, LLP<br>Emerald Plaza<br>402 W. Broadway, Suite 880<br>San Diego, CA 92101-3542 | Garet Juntunen<br>CEO<br>Sunfinder Vacations<br>9988 Hibert Street, Suite 201<br>San Diego, CA 62131 |
| Ameriisearch, Inc.<br>Classic Custom Vacations, Inc.<br>1232 Q Street<br>Sacramento, CA 95824 | Roy Ostapko<br>Americas Travel Network<br>9179 June Lane<br>St. Augustine, FL 32080 | Wendy Schoppert, VP Marketing & Sales<br>America Wet Vacations<br>1920 W. University Drive<br>Tempe, AZ 85281 |
| James Seegars<br>255 South Orange Ave.<br>Orlando, FL 32802 | Eric Goldman<br>Epinions, Inc.<br>8000 Marina Boulevard, 5th Floor<br>Brisbane, CA 94005 | CT Corporation System<br>American Express Company<br>111 Eighth Avenue<br>New York, NY 10011 |
| Todd S. Dole<br>Renegade Golf<br>1440 Vega Circle<br>Idaho Falls, ID 83402 | Ann Amaru, Director Customer Service<br>WorldRes, Inc.<br>1510 Fashion Island Blvd., #100<br>San Mateo, CA 94404 | John Metcalf, President and CEO<br>Associated Luxury Hotels<br>1000 Connecticut Ave., NW #603<br>Washington, DC 20036 |
| Harold W. Hopp, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedgers, LLP<br>45-025 Manitou Drive, Suite 8<br>Indian Wells, CA 92210 | David L. Litman, Co-Founder & CEO<br>Hotel Discounts, LP<br>Hotel Reservations.Net<br>8140 Walnut Hill, #800<br>Dallas, TX 75231 | Joanne Wick<br>Customer Service Coordinator<br>Creative Leisure International<br>951 Transport Way<br>Petaluma, CA 94954-1474 |
| Any Hotel Anywhere<br>4413 Escuda Drive<br>Glendale, AZ 85308-7352 | AZ4Golf.com<br>7702 E. Doubletree Ranch Rd., #300<br>Scottsdale, AZ 85454 | Gannett Co., Inc.<br>7950 Jones Branch Drive<br>McLean, VA 22107 |
| Dale T. Anderson<br>Absolute Engine, LLC<br>336 Via Linda Del Sur<br>Encinitas, CA 92024 | H. Ray Peffer<br>Spring Training Tours, Inc.<br>Two Annabel Lane, Suite 200<br>San Ramon, CA 94583 | Discount Golf Vacation & Packages<br>Kurt Noer/HJN Marketing<br>611 Lynnhaven Parkway, Suite 100<br>Virginia Beach, VA 23453 |
| Affluent Target Marketing, Inc.<br>Harvey V. McGahey<br>1532 Sixth Avenue<br>San Diego, CA 92101 | The Golf Network<br>1411 Highway 35 N<br>Ocean, NJ 07712-3518 | Groovy Travel<br>1407 Windsor, #A<br>Columbia, MO 65201-5759 |
| Richard Copeland<br>Travel Golf West, LLC<br>6417 E/ Grant Road<br>Tucson, AZ 85715 | Jeremy M. Singer, Esq.<br>Richard I. Singer Law Offices, APC<br>1629 Columbia Street<br>San Diego, CA 92101 | Peter Beren<br>Automatit, Inc.<br>1331 N. Swan #151<br>Tucson, AZ 85221 |
| Damien Greco<br>Golfswitch (NV), Inc. (FN)<br>6390 E. Thomas Drive #300<br>Scottsdale, AZ 85221 | Harris J. Richard<br>BestHotel.Com, LLC<br>440 PGA Boulevard<br>Palm Beach Gardens, FL 33410 | Robin Lampear<br>Interactive Sites, Inc.<br>14988 N. 78th Way, #220<br>Scottsdale, AZ 85260 |

19

1

2   Laura A. Wytsma                Hello USA                    Susan Crane/Edward Silver
    Quickbook, Inc.                8603 E. Royal Palm           Vice President of Operations
    Sonnenschein Nath & Rosenthal  Suite 130                    Internetwork Publishing Corporation
3   601 South Figueroa, Suite 1500 Scottsdale, AZ  85258        5455 N. Federal Hwy, Suite O
    Los Angeles, CA  90017                                      Boca Raton, FL  33487

4   Ray Vastola, President         David Newman, Quickbook, Inc. Caret Juntunen, CEO
    Quickbook, Inc.                Sonnenschein Nath and Rosenthal Sunfindor Vacations
5   381 Park Avenue South          1221 Avenue of the Americas   9988 Hibert Street, Suite 201
    New York, NY  10016            New York, NY  10020           San Diego, CA 92131

6   The Travel Company             Deborah Barak
    630 US Highway 1, Suite 200    Strook
7   North Palm Beach, FL 33408     2029 Century Park East, #1800
                                   Los Angeles, CA  90067

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

LA:94410.3

Case No. 02 CV 02028 K (LAB)