USDC SCAN INDEX SHEET

















CAG    4/1/04    15:33
3:02-CV-02028   MASTERSON MARKETING V. KSL RECREATION CORP
*115*
*SCHEDO.*

FILED

04 APR -1 PM 1: 53

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA ·

| | |
|---|---|
| MASTERSON MARKETING, INC., | Case No. 02cv2028-K (BLM) |
| Plaintiff, | **CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |
| v. | |
| KSL RECREATION CORP., et al., | (Fed. R. Civ. P. 16) |
| Defendants. | (Local Rule 16.1) |
| | (Fed. R. Civ. P. 26) |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a telephonic Case Management Conference was held on <u>March 15, 2004</u> at <u>1:30 p.m.</u>  After consulting with the attorneys of record for the parties, being advised of the status of the case, considering the Parties' Joint Report Pursuant to Federal Rule of Civil Procedure 26(f), and good cause appearing,

**IT IS HEREBY ORDERED:**

1.    Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before <u>May 14, 2004</u>.

2.    As agreed by the parties, all parties must comply with the Rule 26 Exchange agreement set forth in the Parties' Joint Report Pursuant to Federal Rule of Civil Procedure 26(f).

115

3.    Each party shall serve on all opposing parties a list of experts, whom that party expects to call at trial, on or before **August 13, 2004**.   Each party may supplement its designation in response to the other party's designation no later than **August 27, 2004**.   Expert designations shall include the name, address, and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide.   The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.   This requirement is <u>not</u> limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4.    All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **September 24, 2004**. Any contradictory or rebuttal information shall be disclosed on or before **October 8, 2004**.   In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).

The parties are advised to consult with Fed. R. Civ. P. 26(a)(2) regarding expert disclosures.   Such disclosures shall include an expert report, all supporting materials, a complete

02cv2028

1  statement of all opinions to be expressed and the basis and reasons
2  therefore, the data or other information considered by the expert
3  in forming the opinions, any exhibits to be used as a summary of or
4  as support for the opinions, the qualifications of the witness
5  including a list of all publications authored by the witness within
6  the preceding ten years, the compensation to be paid for the study
7  and testimony, and a list of other cases in which the witness has
8  testified as an expert at trial or by deposition within the
9  preceding four years.

10      This disclosure requirement applies to all persons retained or
11  specially employed to provide expert testimony <u>or</u> whose duties as
12  an employee of the party regularly involve the giving of expert
13  testimony.

14      **Please be advised that failure to comply with this section or**
15  **any other discovery order of the Court may result in the sanctions**
16  **provided for in Fed. R. Civ. P. 37, including a prohibition on the**
17  **introduction of experts or other designated matters in evidence.**

18      5.   All discovery shall be completed by all parties on or
19  before **November 30, 2004**.  "Completed" means that interrogatories,
20  requests for production and other discovery requests must be served
21  at least thirty (30) days prior to the established cutoff date so
22  that responses thereto will be due on or before the cutoff date.
23  All subpoenas issued for discovery must be returnable on or before
24  the discovery cutoff date.  <u>All disputes concerning discovery shall</u>
25  <u>be brought to the attention of the Magistrate Judge no later than</u>
26  <u>thirty (30) days following the date upon which the event giving</u>
27  <u>rise to the dispute occurred.   Counsel are required to meet and</u>
28  <u>confer regarding all discovery disputes pursuant to the</u>

1 | requirements of Local Rules 16.5(k) and 26.1(a). All discovery
2 | motions and/or conferences must be calendared within thirty (30)
3 | days of a dispute arising, and in the absence of extraordinary
4 | circumstances, no later than thirty (30) days after the discovery
5 | cutoff.

6 |     6. All other pretrial motions must be filed so that they may
7 | be heard on or before **January 10, 2005**. Motions will not be heard
8 | or calendared unless counsel for the moving party has obtained a
9 | motion hearing date from the law clerk of the judge who will hear
10 | the motion. **Be further advised that the period of time between the**
11 | **date you request a motion date and the hearing date may be up to**
12 | **three or more months. Please plan accordingly.** For example, you
13 | may need to contact the judge's law clerk three or more months in
14 | advance of the motion cutoff to calendar the motion. Failure to
15 | timely request a motion date may result in the motion not being
16 | heard. Motions will not be heard on the above date unless you have
17 | obtained that date from the judge's law clerk.

18 |     Questions regarding this case should be directed to the
19 | judge's law clerk. The Court draws the parties' attention to Local
20 | Rule 7.1(e)(4) which requires that the parties allot additional
21 | time for service of motion papers by mail. Papers not complying
22 | with this rule shall not be accepted for filing.

23 |     Briefs or memoranda in support of or in opposition to any
24 | pending motion shall not exceed twenty-five (25) pages in length
25 | without leave of the judge who will hear the motion. No reply
26 | memorandum shall exceed ten (10) pages without leave of the judge
27 | who will hear the motion.

28 | ///

1    7.   A Mandatory Settlement Conference shall be conducted on
2  **September 15, 2004** at **9:30 a.m.** in the chambers of Magistrate Judge
3  Barbara L. Major located at **401 West A Street, Suite 700, San**
4  **Diego, CA 92101**.   Counsel shall submit **confidential** settlement
5  statements **directly** to Magistrate Judge Major's chambers no later
6  than **September 8, 2004**.

7       Each party's settlement statement shall set forth the party's
8  statement of the case, identify controlling legal issues, concisely
9  set out issues of liability and damages, and shall set forth the
10 party's settlement position, including the last offer or demand
11 made by that party, and a separate statement of the offer or demand
12 the party is prepared to make at the settlement conference.   **The**
13 **settlement conference briefs shall not be filed with the Clerk of**
14 **the Court.**

15      All parties and claims adjusters for insured defendants and
16 representatives with complete authority to enter into a binding
17 settlement, as well as the principal attorney(s) responsible for
18 the litigation, must be present and legally and factually prepared
19 to discuss and resolve the case at the Mandatory Settlement
20 Conference.   Outside retained corporate counsel <u>shall not</u> appear
21 on behalf of a corporation as the party who has the authority to
22 negotiate and enter into a settlement.   **All conference discussions**
23 **will be informal, off the record, privileged, and confidential.**
24 *Failure of required parties and counsel to appear <u>in person</u> may be*
25 *cause for the imposition of sanctions.*

26      8.   The parties must comply with the pretrial disclosure
27 requirements of Fed. R. Civ. P. 26(a)(3) no later than **February 14,**
28 **2005**.   The parties should consult Fed. R. Civ. P. 26(a)(3) for the

5

1 | substance of the required disclosures.

2 |      **Please be advised that failure to comply with this section or**
3 | **any other discovery order of the Court may result in the sanctions**
4 | **provided for in Fed. R. Civ. P. 37, including a prohibition on the**
5 | **introduction of designated matters in evidence.**

6 |      9.   No Memoranda of Contentions of Fact and Law are to be
7 | filed unless so ordered by the Court.

8 |      10.   Counsel shall meet and confer regarding the contents of
9 | the pretrial order on or before **February 21, 2005**.

10 |      11.   Counsel shall comply with the attached Order Setting Form
11 | of Pretrial Order and Scheduling Submission of Documents to the
12 | Court in preparing the pretrial order.

13 |      12.   The proposed final pretrial conference order, including
14 | written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3)
15 | pretrial disclosures, shall be prepared, served, and submitted to
16 | the Clerk's Office on or before **February 28, 2005**.  Such objections
17 | shall comply with the requirements of Fed. R. Civ. P. 26(a)(3).
18 | **Please be advised that the failure to file written objections to a**
19 | **party's pretrial disclosures may result in the waiver of such**
20 | **objections, with the exception of those made pursuant to Rules 402**
21 | **(relevance) and 403 (prejudice, confusion or waste of time) of the**
22 | **Federal Rules of Evidence.**

23 |      13.   The final pretrial conference is scheduled on the
24 | calendar of the Honorable Judith N. Keep on **March 7, 2005** at **11:00**
25 | **a.m.**.   The trial date will be assigned by Judge Keep at the
26 | pretrial conference.

27 |      14.   The dates and times set forth herein will not be modified
28 | except for good cause shown.

1    15. Plaintiff's(s') counsel shall serve a copy of this order
2  on all parties that enter this case hereafter.

3

4  Dated: _4/1/04_                    _Barbara L. Major_
5                                     BARBARA L. MAJOR
                                      United   States   Magistrate   Judge

6  COPY TO:

7  HONORABLE JUDITH N. KEEP
   UNITED STATES DISTRICT JUDGE
8
   ALL COUNSEL
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7                                              02cv2028

FILED

04 APR -1 PM 1:53

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                        DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MASTERSON MARKETING, INC., | ) Civil No. 02cv2028-K(BLM) |
| Plaintiff, | ) **ORDER SETTING FORM OF PRETRIAL** |
| | ) **ORDER AND SCHEDULING SUBMISSION** |
| v. | ) **OF DOCUMENTS TO THE COURT** |
| KSL RECREATION CORP., et al., | ) |
| Defendants. | ) |

In order to identify the claims to be tried and eliminate delay and surprise at trial, the Court enters the following pretrial order pursuant to Fed. R. Civ. P. 16. This order replaces the requirements under Local Rule 16.1(f)(2). No Memoranda of Contentions of Fact and Law are to be filed unless so ordered by the Court.

The parties shall meet and confer and prepare a proposed pretrial order containing the following:

1.   The basis of this court's jurisdiction and a brief statement of why venue is appropriate.

///

///

1

02cv2028

2.   A list of the causes of action to be tried, referenced to the Complaint and Counterclaim.   For each cause of action, the order shall succinctly list the elements of the claim, the type of damages sought (e.g. punitive, compensatory), and the elements of any affirmative defenses.   A cause of action in the Complaint or Counterclaim that is not listed will be dismissed with prejudice; any affirmative defense that is not listed will be stricken.

3.   A list of each witness that counsel actually expects to call at trial.

4.   A list of each expert witness that counsel actually expects to call at trial with a brief statement, not exceeding two sentences, of the substance of the expert witnesses' testimony.

5.   A list of additional witnesses including experts that counsel does not expect to call at this time but reserve the right to call at trial: there must be a brief statement, not exceeding two sentences, of the substance of the additional expert witnesses' testimony.

6.   A list of all exhibits that counsel actually expect to offer at trial.

7.   A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary.

8.   Absent a showing of good cause, counsel will be limited to offering witnesses and exhibits listed in sections three through seven, except for true impeachment witnesses or exhibits.

9.   A statement of all facts to which the parties stipulate. This statement likely will be read to the jury.   The parties are encouraged to meet with one another or the assigned magistrate judge to work out as many stipulations of fact as possible.

2

1    10.  A summary of any issues of law and motions in limine that
2  need resolution by the court before or during trial.
3  A list of all deposition transcripts that will be offered at trial.
4  The proponent of the deposition shall prepare a copy of all
5  portions to be read or played to the jury.   Unless otherwise
6  ordered, no later than three weeks before trial, counsel will
7  notify other parties in the case of pages and lines of the various
8  depositions that will be offered.

9    11.  A realistic estimate of the earliest date by which the
10  parties will be ready for trial.

11    12.  A realistic estimate of the number of days required to
12  try this case.

13    13.  Unless the court orders otherwise, at least five days
14  before trial the parties shall submit to the court proposed jury
15  instructions (if trial by jury) on the substantive claims, damages
16  and defenses.   If the parties disagree on an instruction, each
17  party shall submit his/her proposal.

18    14.  Unless the court orders otherwise, at least five days
19  before trial the parties shall submit to the court a proposed jury
20  verdict form.

21    15.  A statement to be read to the jury, not in excess of one
22  page, briefly summarizing the nature of the case, the named parties
23  and the claims and defenses.

24  ///
25  ///
26  ///
27  ///
28  ///

02cv2028

1     The Court encourages the parties to consult with the assigned
2 magistrate judge to work out any problems in preparation of the
3 proposed pretrial order.  The Court will entertain any questions
4 concerning the conduct of the trial at the pretrial conference.
5     **IT IS SO ORDERED.**

6

7 Dated: _4/1/04_

8                    BARBARA L. MAJOR
                   United States Magistrate Judge

9 COPY TO:

10 HONORABLE JUDITH N. KEEP
UNITED STATES DISTRICT JUDGE

11

ALL COUNSEL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28