UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTERSON MARKETING, INC., | Civil No. 02-CV-2028-L(CAB) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** [doc. # 197] |
| v. | |
| KSL RECREATION CORPORATION, *et al.*, | |
| Defendants | |

Defendants move for partial summary judgment on the issue of remedies available to plaintiff, specifically whether plaintiff may obtain an accounting of profits from defendants' infringing use in advertising of plaintiff's images. Defendants contend plaintiff is not entitled to any portion of defendants' profits as a matter of law. Plaintiff opposes defendants' motion. The matter has been fully briefed**.**

**Factual Background**

Plaintiff Masterson Marketing, Inc. ("Masterson") filed this action alleging copyright infringement and breach of contract based upon Agency Agreements and Licensing Agreements entered into with the Arizona Biltmore Resort & Spa ("Resort") for, *inter alia*, the taking of various photos of the resort. In 2000 and 2001, Masterson licensed certain photographs, film, negatives, images, art, digital art, designs, stock photographs, and other marketing materials (collectively "Images") to defendants. (Third Amended Complaint ("TAC"), ¶ 51 ). Plaintiff

contends that the Licensing Agreements included a provision that the Resort would not use the photos outside the scope or usage and upon the expiration of the Licensing Agreement; and the Resort would return the Materials to plaintiff.  (TAC, ¶¶ 52, 53).

Plaintiff alleges that KSL infringed plaintiff's copyrights when KSL continued to use the Images after the expiration of the license agreements in the fall of 2001 for its corporate advertising in domestic and international publications, and on its website homepage.  (TAC, ¶¶ 61-62, 64(a)(b), 87).   In his requested relief, plaintiff seeks disgorgement of defendants' profits.  (TAC, ¶ 99(c)).

## Summary Judgment Standard

Federal Rule of Civil Procedure 56 empowers the court to enter summary judgment on factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A fact is material when, under the substantive governing law, it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.  If the moving party does not have the burden of proof at trial, it may carry its initial burden by "produc[ing] evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000).  When the moving party bears the burden of proof on an issue — whether on a claim for relief or an affirmative defense — the party "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in its favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986); *see S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

If the moving party fails to discharge its initial burden of production, summary judgment must be denied and the court need not consider the nonmoving party's evidence, even if the nonmoving party bears the burden of persuasion at trial. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970); *Nissan Fire*, 210 F.3d at 1102-03. When the moving party carries its initial burden of production, the nonmoving party cannot "rest upon mere allegation or denials of his pleading." *Anderson*, 477 U.S. at 256. Rather, the non-movant must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted); *Anderson*, 477 U.S. at 256; *Nissan Fire*, 210 F.3d at 1103.

A "genuine issue" of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). When ruling on a summary judgment motion, the court cannot engage in credibility determinations or weighing of the evidence; these are functions for the jury. *Anderson*, 477 U.S. at 255; *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). The court must view the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1180 (9th Cir. 2002), *cert. denied*, 537 U.S. 1106 (2003). The court is not required "to scour the record in search of a genuine issue of triable fact," *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996), but rather "may limit its review to the documents submitted for purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001).

## Discussion

### 1. Availability of Profits Under the Copyright Act

A plaintiff may recover "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. §

504(b). In order to recover an alleged infringer's profits, the plaintiff must establish a causal connection between the alleged infringer's revenues and the alleged infringement. *Polar Bear Prods., Inc. v. Timex Corp.*, 348 F.3d 700, 708 (9th Cir. 2004).

Here, plaintiff is seeking indirect profits[1] from the use of his Images in defendants' advertising contending that he is entitled to defendants' profits that are attributable to the infringement. But defendants assert that plaintiff has not, and cannot, establish the requisite causal connection between the alleged infringement and defendants' revenues. Defendants, citing *Polar Bear*, further argue that even if causation could be established, a claim for indirect profits will fail if the relationship between the purported infringement and the profits is too speculative. *Id.* at 710-711; *see also Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522-25 (4th Cir. 2003)(summary judgment is appropriate if "despite the existence of a conceivable connection [between the infringement and recovery sought, the plaintiff] offered only speculation as to the existence of a causal link between the infringement and the revenues.") In other words and as both parties acknowledge, in order "to survive summary judgment on a demand for indirect profits pursuant to § 504(b), a copyright holder must proffer sufficient non-speculative evidence to support a causal relationship between the infringement and the profits generated indirectly from such an infringement." *Mackie v. Rieser*, 296 F.3d 909, 915-16 (9th Cir. 2002).

### 2. Causal Relationship

Plaintiff contends he has demonstrated the nexus between defendants' infringement and their profits. Plaintiff first points to a letter he received from Randolph Wilcott, the Director of Marketing for the Arizona Biltmore in which Wilcott stated:

> I just received our year end sales report. Our new advertising direction has increased our leisure and group occupancy by 38% over the past nine months. We at the Arizona Biltmore Sales and Marketing Department tip our hats to Masterson

---

[1] "Section 504(b) does not differentiate between "direct profits" – those that are generated by selling an infringing product – and "indirect profits" – revenue that has a more attenuated nexus to the infringement." *Mackie*, 296 F.2d at 914. In other words, indirect profits arise when the alleged infringer does not sell the copyrighted work itself but rather uses the copyrighted work to sell another product. *Andreas v. Volkswagen of America, Inc.*, 336 F.3d 789 (8th Cir. 2003).

Marketing. (Plaintiff's Exh. 1). Although plaintiff believes this note "clearly" shows the infringing use of his images caused defendants' increased profits, it does not. The Wilcott note is dated May 17, 2000, which is within the time period of the parties' Licensing Agreement and approximately a year and a half prior to the termination of the Licensing Agreement. Only after the termination of the Licensing Agreement does any alleged infringing activity occur. Thus, the Wilcott note cannot demonstrate a connection between alleged infringement and defendants' profits. Moreover, the Wilcott note does not assert a connection between the use of plaintiff's images and defendants' profits. Rather, the note speaks of "[o]ur new marketing direction" and not the specific use of plaintiff's images that were incorporated in defendants' advertising. *Id.*

Plaintiff also relies on the testimony of David Feder who stated that the photos at issue were "signature shots"[2] and "almost becomes a little bit like a brand" for the Arizona Biltmore. (Exh. 2, Feder Depo. at 54, 56) But as defendants correctly discuss, even if plaintiff's images are "signature shots", there is nothing in the record demonstrating that plaintiff's photos appearing within general advertising materials that featured infringing images and other non-infringing materials influenced consumers' decisions to stay at the Arizona Biltmore. Speculation does not suffice to show a nexus between infringement and profits.

Here, plaintiff has provided no evidence to support his claim that the infringing use of his images in advertising increased defendants' profits.

**Conclusion**

Plaintiff has failed to offer any nonspeculative evidence creating a triable issue of fact showing that the alleged infringement at least partially caused the profits that the infringer generated as a result of the infringement.

. . .

. . .

---

[2] Mr. Feder testified that "the signature shot is obviously used over and over because it is a – it is a great shot. It does a good job at depicting the qualities in sending the right image to constituency that you're looking to go after." (Exh. 2, Feder Depo. at 55-56).

1 | Based on the foregoing, **IT IS ORDERED** granting defendants' motion for partial
2 | summary judgment [doc. #197].
3 | **IT IS SO ORDERED.**
4 | DATED: March 9, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL