QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  David W. Quinto (Bar No. 106232)
  davidquinto@quinnemanuel.com
  Bruce E. Van Dalsem (Bar No. 124128)
  brucevandalsem@quinnemanuel.com
  Stan Karas (Bar No. 222402)
  stankaras@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendants KSL Biltmore Resort Inc., KSL Recreation Corporation, Jobing.com, Gannett, Inc., America West Vacations, Spa Finder Travel Arrangements, Ltd., Spring Training Tours, American Express Company, The Leisure Company, Internet Publishing Corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTERSON MARKETING, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KSL RECREATION CORPORATION, a Delaware corporation; et al.<br><br>Defendant.<br><br>And Related Cross-Action | CASE NO. 02 CV 02028-L (CAB)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF JEFF SEDLIK**<br><br>Date: December 13, 2007<br>Time: 11:00 a.m.<br>Judge: Hon. Cathy Ann Bencivengo |

## Preliminary Statement

It is telling that plaintiff's principal argument is that defendants' motion is untimely. This plainly baseless argument -- the Court set a November 5, 2007 filing date for *Daubert* motions -- highlights plaintiff's inability to salvage Jeff Sedlik's report on the merits.

Plaintiff's argument that the Court should not apply *Daubert* at all is a transparent acknowledgement that Sedlik's report does not satisfy *Daubert*. In any case, the argument is meritless because the Court is required to apply the requirements of Rule 702, which incorporates *Daubert*, to all expert testimony.

Plaintiff's remaining arguments are equally meritless. Sedlik's experience as a photographer in no way qualifies him as an expert on the calculation of damages, a task that requires experience in economic and statistics. Further, plaintiff's authority in support of a 300% damages multiplier is inapposite, and actually supports defendants' position.

Plaintiff's opposition is particularly notable for the arguments it *does not* address. The moving papers described numerous fundamental flaws in Sedlik's report. For instance, Sedlik does not consider, among other key facts, (1) the license rates charged by plaintiff, (2) travel agents' practice of using photographs without paying a license fee, (3) hotels' practice of purchasing a broad "web-pack license," as opposed to purchasing many individual licenses, and (4) an off-set for plaintiff's settlements with numerous third party defendants. The opposition does not address, let alone rebut, these arguments, thus tacitly conceding their merit.

The stringent requirements of Rule 702 and *Daubert* apply even though this case will be heard by the Court and not a jury. Sedlik's report is plainly inadmissible under these requirements. The Court should grant the motion in full.

## Argument

### I. DEFENDANTS' MOTION IS INDISPUTABLY TIMELY

Plaintiff's contention that KSL's motion is untimely is demonstrably false. Plaintiff argues that the Court's Fifth Revised Case Management Order required the parties to file *Daubert* motions by July 16, 2007. However, plaintiff disingenuously omits mention of the Court's two

subsequent orders governing the filing of *Daubert* motions. On July 9, 2007, the Court entered an order stating "This Court previously issued a revised Case Management Conference Order 253 setting out a deadline for filing motions regarding the admissibility of expert testimony (paragraph 5). **The Court hereby VACATES that deadline**. Any motions in limine shall be filed in accordance with Judge Lorenz's requirements." [Doct. No. 259] (emphasis added). Subsequently, on October 29, 2007, the Court issued an order stating "the Court hereby orders that all motions in limine and any motions regarding the admissibility of expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc*, 509 U.S. 579 (1993) and related cases will be heard on **December 13, 2007**, at **11:00 a.m**. in Courtroom E. Motions must be filed on or **before November 5, 2007**." [Doct. No. 275] (emphasis in the original). Pursuant to the Court's order, defendants' *Daubert* motion was filed on November 5, 2007, and is, therefore, timely.

II. THE COURT IS REQUIRED TO APPLY *DAUBERT* AS INCORPORATED BY RULE 702

Recognizing that Sedlik's report does not satisfy *Daubert*'s threshold requirements, plaintiff urges the Court to simply ignore *Daubert*. Opp., 5:20-21 ("As the expert issues in this case relate to licensing fees and damages resulting from copyright infringement and not on [sic] some scientific issue, the Court should not apply the factors set forth *Daubert* [sic]."). But Rule 702, which embodies *Daubert*'s requirements, applies to *all* expert testimony. Because Sedlik seeks to testify as an expert, he must satisfy the requirements of Rule 702, which is another way of saying that he must satisfy *Daubert*.

Plaintiff's argument that *Daubert is* inapplicable because "placing a value on artwork is not exact" (Opp., 5:22) also fails. Rule 702 and *Daubert* do not permit a lower standard for expert testimony merely because it involves art. In any event, Sedlik is not seeking to appraise a masterpiece. Rather, Sedlik seeks to calculate a license rate for ten routine commercial photographs. An appropriate rate can be calculated easily based on plaintiffs' past licensing practices, the price he put on a complete buy-out of comparable photographs, and fees charged by companies such as Corbis and Getty Images for a web-pack license. (Sedlik, of course, has not

done any of this.) Plaintiff's request that the Court deviate from *Daubert*'s requirements is a transparent acknowledgement that Sedlik's analysis does not satisfy them.

III. PLAINTIFF DOES NOT CONTEST DEFENDANTS' KEY ARGUMENTS

Recognizing the fatal flaws of Sedlik's report, plaintiff does not address, let alone rebut, defendants' key arguments. As demonstrated in the moving papers, Sedlik's report is inadmissible for the following reasons:

- Sedlik ignores that plaintiff never received a property release from defendants.
- Sedlik ignores that in an actual license transaction, KSL would have purchased a "web pack" license covering all third party Internet uses by travel agency websites.
- Sedlik ignores that travel agent websites do not pay for the use of images; rather the hotels provide images to the websites for free.
- Sedlik ignores the low license rates charged by plaintiff in arms'-length transactions in the past.
- Sedlik ignores and fails to off-set the settlements received by plaintiff from third party defendants.
- Photographs of natural objects are by definition not "scarce."
- The Arizona Biltmore is the only realistic licensee of photographs of the Arizona Biltmore.
- There is no evidence that each defendant used each of the images for five years. Indeed, the parties' stipulation limits the assumed period of infringement to 12 to 18 months.
- Sedlik focuses on gross revenue, not net profits.

By refusing to address these arguments, plaintiff implicitly acknowledges their merit.[1] Each of these shortcomings of Sedlik's report justifies its exclusion under *Daubert*. Taken together, Sedlik's omissions mandate exclusion of the report.

IV. **SEDLIK'S EXPERIENCE AS A PHOTOGRAPHER DOES NOT QUALIFY HIM TO TESTIFY AS A DAMAGES EXPERT**

As explained in the moving papers, a person's expertise in one area does not qualify him as an expert in another area, even if the two are related. *See, e.g., United States v. Chang*, 207 F.3d 1169, 1171 (9th Cir. 2000) (a professor of international finance was not qualified to testify regarding whether certain currency was counterfeit); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224 (5th Cir. 2007) (affirming exclusion of an expert on polymers from testifying regarding tire failure because he did not have experience with tire design, manufacture, or malfunction). It is, therefore a non-sequitur to argue that Sedlik is qualified to testify concerning plaintiff's alleged damages because Sedlik is an experienced photographer. To satisfy *Daubert*'s stringent requirements, a purported expert witness must demonstrate that he is qualified as an expert *in the pertinent field* "by knowledge, skill, experience, training, or education." *Fed. R. Evid.* 702. Here, Sedlik purports to perform a complex economic analysis even though he lacks *any* professional or educational experience in statistics, economics or law. Sedlik's utter lack of requisite qualifications inherently bars him from testifying as a damages expert.[2]

---

[1] Plaintiff's argument that defendants seek to exclude Sedlik merely because his opinions diverge from their own experts' is incorrect. Defendants' motion focuses exclusively on the irremediable deficiencies in Sedlik's qualifications and analysis. His opinion would be inadmissible under *Daubert* even if defendants had not offered any expert testimony. In any event, it is notable that plaintiff has not filed a *Daubert* motion to exclude either of defendants' experts.

[2] Plaintiff argues that Sedlik's experiences as a professional photographer render him qualified to testify on "the customs in the industry regarding licensing practices. . . ." Opp., 3:21-22. But plaintiff is not offering Sedlik as an expert on licensing practices. Sedlik is being offered to testify as a damages expert. His experience as a photographer does not provide him with qualifications to perform complex damages analyses.

## V. PLAINTIFF CANNOT JUSTIFY HIS 300% DAMAGES MULTIPLIER

Plaintiff's sole authority in support of a damages multiplier, *Barrera v. Brooklyn Music, Ltd.*, 346 F.Supp. 2d 400 (S.D.N.Y. 2004), is wholly inapplicable, and actually supports the opinions of defendants' experts. In *Barrera*, the plaintiff's damages expert calculated damages as the amount of the lost license fee. The court, however, rejected the expert's attempt to bolster that fee by adding a $45,000, a 500% multiplier of the base license fee, "to account for the fact that the defendants' use of the Photograph was unauthorized." *Id.*, at 410-11. The court held that the reasonable license fee was the only actual damage that the plaintiff could recover. *Id.*

Plaintiff argues illogically that "[t]he fact that the expert in *Barrera* considered circulation, in other words scarcity, as an important element [in calculating the reasonable license fee] supports Sedlik's opinion." Opp., 7:17-18. Circulation is relevant only to the appropriate hypothetical license fee, *i.e.*, to actual damages. A photographer could expect to get a higher fee for licensing a photograph for *Time* magazine, which has large circulation, than for licensing the same photograph for a company newsletter with negligible circulation. The "scarcity" of the photograph -- which is the keystone of Sedlik's opinions -- has nothing to do with the license fee.

Plaintiff's argument that Sedlik's opinions are admissible because *Barrera* allowed damages for the defendant's failure to credit the photographer is beside the point. Sedlik does not base his 300% multiplier on defendants' failure to credit plaintiff. Rather, Sedlik's multiplier is based *exclusively* on the purported "scarcity" of plaintiff's photographs. Sedlik does not offer any opinions on the value that a credit would have for plaintiff.

## VI. SEDLIK'S OPINIONS ARE UNRELIABLE BECAUSE HE DID NOT CONSIDER THE KEY FACT OF THE COMPARABLE PHOTOGRAPHS' BUY-OUT VALUE

This case concerns two comparable sets of photographs of the Arizona Biltmore hotel. Plaintiff's principal, Ed Masterson, sold the copyright in first set to defendants for $35,000.

He agreed to license the second set for $25,000. The natural conclusion is that the copyright buy-out value of plaintiff's photographs is approximately $10,000.[3]

Even if Sedlik disagrees with this conclusion, he must address it. Sedlik's report, however, ignores the low arms'-length copyright buy-out value that plaintiff placed on his photographs. That inherently renders Sedlik's opinions inadmissible under *Daubert*. *See, e.g., Atlantic Richfield Co. v. Farm Credit Bank of Wachita*, 226 F.3d 1138, 1166-67 (10th Cir. 2000) (excluding expert testimony because expert failed to account for the actual royalties received by similar companies in calculating the fair market value); *Concord Boats Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000) (expert opinion that "did not incorporate all aspects of the economic reality of the [relevant] market" was inadmissible); *Kemp v. Tyson Seafood Group, Inc.*, 2000 WL 1062105, at *2 (D. Minn. July 19, 2000) (excluding expert testimony because the expert disregarded the plaintiff's actual historical sales in calculating lost profits); *JMJ Enter., Inc. v. VIA Veneto Italian Ice, Inc.*, 1998 WL 175888, at *10 (E.D. Pa. Apr. 15, 1998) (disallowing expert report and barring expert evidence because expert used unrealistic sales projections).

Plaintiff argues that the $10,000 buy-out value is irrelevant because Mr. Masterson could have been motivated to underprice his copyrights to obtain a lucrative account with the Arizona Biltmore.[4] This contention does not carry water because plaintiff continued to place low license rates on his photographs well into his contractual term. In any event, by ignoring this key piece of evidence, Sedlik undermines the reliability of his report, thereby rendering it inadmissible.

---

[3] Plaintiff argues that the two sets of photographs were not comparable. Opp., 8:9-11. Both sets were (1) taken by Ed Masterson, (2) of the same subject matter (*i.e.*, the Arizona Biltmore), and (3) comprised of similar number of set-ups. Under these circumstances, it is reasonable to assume that the two sets of photographs are comparable.

[4] Plaintiff does not cite any evidence to support this argument.

## VII. PLAINTIFF DOES NOT CONTEST THAT SEDLIK'S LEGAL OPINIONS ARE INADMISSIBLE

Plaintiff does not contest that Sedlik may not offer legal opinions. Rather plaintiff contends that the issue is moot in light of the parties' trial stipulation. Plaintiff is mistaken. The parties' stipulation leaves open the issue of whether images of Squaw Peak that were not created by Ed Masterson infringe. Sedlik improperly offers a legal opinion that they do. Sedlik Report, p. 12. Sedlik should not be permitted to testify on this issue or any other legal issue.[5]

### Conclusion

Sedlik's report is precisely the type of junk science that Rule 702 and *Daubert* are designed to exclude. The Court should grant defendants' motion.

DATED: December 5, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ David W. Quinto
David W. Quinto
Attorneys for Defendants KSL Biltmore Resort Inc., KSL Recreation Corporation, Jobing.com, Gannett, Inc., America West Vacations, Spa Finder Travel Arrangements, Ltd., Spring Training Tours, American Express Company, The Leisure Company, Internet Publishing Corporation

---

[5] Plaintiff appears to suggest that Sedlik's opinions were correct because defendants agreed to stipulate to liability with respect to certain alleged uses of plaintiff's photographs. This stipulation, however, was based on plaintiff's agreement to waive his right to a jury trial, and does not constitute a judicial finding that an infringement occurred.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address **is 865 South Figueroa St., 10th Floor, Los Angeles, California 90017.**

On December 5, 2007, I served true copies of the following document(s) described as: **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *DAUBERT* MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF JEFF SEDLIK**, on all interested parties in this action.

**SEE ATTACHED LIST**

[X] **BY EMAIL.** I caused such document(s) to be transmitted by electronic transmission on this date, in compliance with Civil L.R. 23-2, to the Designated Internet site(s).

[ ] **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in sealed envelope(s) or package(s) designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) being served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 5, 2007, at Los Angeles, California.

_____
**GAYLE DURAN**

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | *Masterson Marketing v. KSL*<br>*Case # 02 CV02028* |
| 3 | |
| 4 | |
| 5 | Grant G. Teeple, Esq.<br>Eric M. Hart, Esq. |
| 6 | **Gate Teeple, LLP**<br>9255 Town Centre Drive, Suite 500 |
| 7 | San Diego, CA 92121<br>Tel.: (858) 622-7878 |
| 8 | Fax: (858) 622-0411<br>grant@teeplehall.com |
| 9 | eric@teeplehall.com |
| 10 | Jeremy M. Singer, Esq. |
| 11 | **Richard I. Singer Law Offices, A.P.C.**<br>438 Camino Del Rio South, Suite 201 |
| 12 | San Diego, CA 92108<br>Tel.: (619) 543-8190 |
| 13 | Fax: (619) 543-8195<br>jms@rsinger.com |