UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASTERSON MARKETING, INC., <br> Plaintiff, <br> v. <br> KSL RECREATION CORPORATION, et al., <br> Defendants. | Civil No. 02cv2028-L (CAB) <br> **ORDER FOLLOWING HEARING ON DEFENDANTS' MOTIONS IN LIMINE AND SETTING PRE-TRIAL DATES** |
| And related cross-actions. | |

On December 13, 2007, the Court heard oral argument on the following motions in limine: (1) Defendants' motion in limine to exclude evidence of allegedly unreturned images or damages purportedly arising therefrom; (2) Defendants' motion in limine to exclude evidence or argument regarding images of Squaw Peak not created by Ed Masterson; and (3) Defendants' *Daubert* motion in limine to exclude the expert report and testimony of Jeff Sedlik. Bruce E. Van Dalsem appeared on behalf of Defendants. Grant Teeple and Eric Hart appeared for plaintiff. After considering the arguments of counsel and the papers submitted by the parties, and for **GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED**:

1) Defendants' motion in limine to exclude evidence of allegedly unreturned images or damages purportedly arising therefrom is **GRANTED**;

2) Defendants' motion in limine to exclude evidence or argument regarding images of Squaw Peak not created by Ed Masterson is **DENIED** with regard to any such images that were NOT the subject of the partial summary judgment motion granted by the Honorable M. James Lorenz on April 13, 2007 and reported at 495 F.Supp.2d 1044;

3) Defendants' *Daubert* motion in limine to exclude the expert report and testimony of Jeff Sedlik is **DENIED WITHOUT PREJUDICE IN PART AND GRANTED IN PART.**

The motion is **GRANTED** in that Mr. Sedlik will NOT be allowed to testify with regard to the following:

a) allegedly unreturned images or damages purportedly arising therefrom;

b) whether or not images of Squaw Peak not created by Ed Masterson infringe. Mr. Sedlik was designated to testify with regard to "practices and standards within the commercial photography industry, as well as valuation of images and image licenses, applicable actual damages, and the identification of a causal nexus supporting an award of disgorged profits." Preliminary Expert Report and Disclosure of Jeff Sedlik dated September 22, 2006 (the "Report") at 2. Therefore, Mr. Sedlik may not testify as to whether such images (of Squaw Peak not created by Ed Masterson) infringe. If the court finds such images to infringe, then Mr. Sedlik may testify as to any related damages as set forth above.

The motion is **DENIED WITHOUT PREJUDICE** as to all other opinions Defendants sought to exclude. Specifically, the Court is not excluding, **at this time**, Mr. Sedlik's report and testimony with regard to the "scarcity multiplier" initially identified in the Report at page 15. Defendants may, however, renew their motion to exclude specific opinions at the appropriate time after the voir dire examination of Mr. Sedlik.

**IT IS FURTHER ORDERED:**

4) Despite the requirements of Civil Local Rule 16.1(f), neither party is required to file Memoranda of Contentions of Fact and Law at any time. The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Local Rule 16.1(f)(6).

5) All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3), **including deposition designations**, on or before **January 11,**

**2008**.  **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

6) Counsel shall meet together and take the action required by Local Rule 16.1(f)(4), **including submittal of rebuttal deposition designations**, on or before **January 18, 2008**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3), **including objections to deposition designations**. Counsel shall cooperate in the preparation of the proposed pretrial conference order.

7) The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures, shall be prepared, served and lodged with the Clerk of the Court on or before **January 21, 2008**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

8) Counsel shall contact the chambers of the Honorable Cathy Ann Bencivengo on or before **January 21, 2008**, and provide her law clerk (Anastasia Thomas) with a list of any audio/visual equipment that will be used during the trial.

9) The final pretrial conference shall be held before the **Honorable Cathy Ann Bencivengo**, United States Magistrate Judge, on **January 28, 2008**, at **2:00 p.m.**

10) Trial will commence on **February 4, 2008**, at **9 a.m.** in Department E.

**IT IS SO ORDERED.**

DATED: December 14, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge